Lawson vs. Cunningham.

JOHN F. LAWSON, Administrator *de bonis non* of John Martin, deceased, plaintiff in error, vs. ROBERT CUNNINGHAM, Administrator *de bonis non* of James Cunningham deceased, defendant in error.

A nominal party cannot be constituted an administrator and thus by uniting him with the real party in interest, withdraw the jurisdiction from the county of the residence of the latter. Such a proceeding would be a fraud upon that provision of the Constitution which guarantees to the defendant the right to be sued in the county of his residence.

In Equity. In Bibb Superior Court. Bill for Discovery, Relief, &c. Tried before JUDGE LAMAR. May Term, 1860.

James Cunningham, the intestate of the defendant in error, died in Jones county, in 1811. Robert Cunningham, his

nephew, and the father of Robert Cunningham, the defendant in error, administered upon his estate, and in his character of administrator, brought an action of trover, in 1830, against one John Martin to recover certain negro slaves. In the next year, 1831, the action was dismissed at the defendant's cost.

In 1851 or 1852 Robert Cunningham the elder, the same who was the original administrator of James Cunningham, deceased, died in Bibb county. In February, 1856, Robert Cunningham, the younger, the present defendant in error, obtained letters of administration *de bonis non* upon the estate of James Cunningham, deceased. In August, 1856, letters of administration upon the estate of Robert Cunningham, the elder, were granted in Bibb county, to one Elias H. Tillinghast, who married a daughter of his intestate, and the sister of Robert Cunnigham, the younger. Tillinghast resided in Bibb county.

In September, 1856, Robert Cunningham, the younger, defendant in error, in his character of administrator *de bonis non* of James Cunningham, deceased, filed his bill, in Bibb Superior Court, against John F. Lawson, of Burke county, the plaintiff in error, as administrator *de bonis non* of John Martin, deceased, and Elias H. Tillinghast, of Bibb county, as administrator of Robert Cunningham, deceased, charging that the action of trover above referred to was dismissed and settled by fraud and collusion between the parties thereto, and that John Martin, after the settlement, removed the negroes beyond this State; and praying an account for the value of the negroes, their increase and their hire.

Lawson, by his answer, urged the want of jurisdiction in Bibb Superior Court, as follows: "This defendant admits that Elias H. Tillinghast is the administrator of Robert Cunningham, as is charged in said bill, but insists that said Elias H. and said complainant are endeavoring to defraud said estate of John Martin out of a large amount of money by bringing said bill against this respondent, and making said Elias H. a party defendant, for the purpose of proceeding

against this respondent in said county of Bibb, whilst said respondent is a citizen of the county of Burke, in said State." " And this defendant, further answering, says that said Tillinghast, so far as this defendant is informed and believes, took out letters of administration on the estate of said Robert Cunningham for no other purpose than to be, as such administrator, a party defendant to said bill, and thereby give jurisdiction of said cause to the Superior Court of Bibb county; whereas, this defendant against whom alone, as administrator *de bonis non*, etc., of John Martin, is any decree really sought, is, and was at the time of filing said bill, a resident of Burke county. That said Robert Cunningham had no estate upon which to administer, and that said Tillinghast has made no returns as administrator; that the bond given by him *is only in* the sum of one hundred dollars, the complainant being the security thereon and insolvent, * * and this defendant says the whole thing was done in fraud of the law, and with no other purpose than to institute a suit against this defendant in Bibb county. That said Tillinghast has made no answer to said bill, but the same has been taken as confessed against him."

At the trial, which took place at May term, 1860, *William M. Riley* testified, that he was now the Ordinary of Bibb county. There are no returns of E. H. Tillinghast, as administrator of Robert Cunningham, deceased, on record in the Ordinary's office. Knew Robert Cunningham, deceased. He had no property—was insolvent, so far as witness knows. He was for many years the keeper of the Macon Bridge.

*William T. Massey* testified, that he was Ordinary of Bibb county when letters of administration were issued to defendant Tillinghast, on the the estate of Robert Cunningham, deceased. That citation was issued at the instance of complainant for said Tillinghast. That Tillinghast did not come forward to get letters at the proper time, and the matter was continued once or twice, as well as he recollects. Finally, Tillinghast came with complainant and Thomas P. Stubbs, and took out letters, complainant signing Tillinghast's bonds.

Witness asked the parties what estate Robert Cunningham, deceased, left, and what necessity there was for an administration. Stubbs, or one of the parties, responded, the others being present, that it was necessary to have administration on the estate of said deceased, in order for complainant to bring this suit in Bibb county, and Tillinghast had been induced to administer for that purpose. Witness understood, from the conversation, that Stubbs, as attorney for complainant, had so advised, and that Robert Cunningham, deceased, left no property or estate.

The bond given by Tillinghast, on obtaining his letters of administration, was introduced. It was given in the penalty of one hundred dollars, with the complainant in the bill as security.

There was a great mass of evidence on other points; but the foregoing is all that bore directly on the question of jurisdiction.

The evidence being all in, on both sides, defendant's counsel moved the Court to dismiss the bill, on the ground, among others, that Lawson, being a resident of Burke county, could not be coupled with Tillinghast, as a party defendant to a suit, such as the pleadings and proof showed this to be, located in Bibb county. The Court overruled the motion, and Lawson excepted.

The Court then charged the jury, " that it made no difference at whose instance or for what purpose Tillinghast became administrator of Robert Cunningham, deceased; but if they believed, from the evidence, that John Martin and Robert Cunningham, deceased, colluded together in the transaction about the negroes, to defraud the heirs of James Cunningham, deceased, then, Lawson was properly joined with Tillinghast in this suit, and the suit was properly located in this county. If the jury believed there was no such collusion, then, they would find the question of jurisdiction in favor of Lawson.

"That two questions were involved in the case; one as to

Lawson vs. Cunningham.

the jurisdiction of this Court, so far as Lawson, the administrator *de bonis non* of John Martin, was concerned, he being a non-resident of Bibb county and denying the right to be sued in the same as a co-defendant with Elias H. Tillinghast, the administrator of Robert Cunningham, deceased; the other, conceding the right of jurisdiction, whether or not the defendants, or either of them, are or is liable, at all, to the complainant.

" You may abridge your labors by deciding the question of jurisdiction first; and if you believe, from the evidence in the case, that the transactions between Robert Cunningham and John Martin were fair, or that they did not fraudulently confederate with each other, and perpetrate a fraud against the heirs at law of James Cunningham, deceased, in the settlement of the trover cause formerly pending in Jones Court, or in any other manner alleged in the complainant's bill, in relation to the property or claim for which this proceeding was instituted, you should find for the defendant Lawson, the administrator *de bonis non* of John Martin, which will supersede the necessity of any further investigation of the case, so far as he is concerned; but if you should believe, from the testimony submitted to you, that they did combine and confederate together, to practice a fraud on the heirs at law of James Cunningham, deceased, in the manner as charged by the complainant, and consummated the same, then, this Court has jurisdiction of the cause, and you should so determine, and proceed to the consideration of the merits of the case.

" I am requested by the defendant's counsel to charge you, that if Tillinghast, the administrator of Robert Cunningham, deceased, being neither a creditor or heir at law of James Cunningham, and that should Robert Cunningham, the administrator *de bonis non* of James Cunningham, deceased, have procured him to become the administrator of Robert Cunningham, being his security in the small sum, as proven, that said administration is fraudulent, and that this Court cannot, for that reason, exercise or

entertain jurisdiction of this cause; and that you should find for the defendant Lawson. The Court declines giving you this request in charge; but, on the contrary, charges that Robert Cunningham, the administrator of James Cunningham, if as such administrator *de bonis non*, representing the heirs at law of his intestate, had any lawful claim against Robert Cunningham, deceased, he had a right to proceed to procure administration on said estate, and that the same was not void or fraudulent, and that the plea to the jurisdiction of the Court could not be sustained on that ground."

The jury found a verdict against both defendants; and as soon as the same was returned, the Court inquired of the jury what finding they had made on the question of jurisdiction. The foreman, at first, responded that very little was said about that in the jury room; but, he and several of the jury stated, after a little hesitation, that they had found in favor of the jurisdiction. A. M. Lockett, however, one of the jury, stated that he lost sight of the question of jurisdiction, and did not hear anything about it in the jury room. The jury thus differing, as to whether this point had been determined by them, the Court propounded the inquiry relative to their finding several times, putting the question, the last time, in substance, as follows: "Did you find that Martin and Robert Cunningham, deceased, colluded together in perpetrating a fraud on the heirs of James Cunningham, deceased?" Mr. Lockett concurred with the rest of the jury in saying they had so found. The Court then said that if they had thus found, the finding was in favor of the jurisdiction. To all this counsel for Lawson excepted.

The Court then permitted counsel for complainant to write out a verdict, commencing with, "We, the jury, find for the complainant the jurisdiction of this Court;" which verdict was signed by the foreman; and the counsel for Lawson excepted.

Lawson vs. Cunningham.

Counsel for Lawson then moved for a new trial on twenty-four grounds, among them the following:

9. Because the Court erred in ruling that the question of jurisdiction of this Court over Lawson, was a question to be submitted to the jury, under the evidence; in submitting said question to the jury; and as to his charge to the jury on the same.

22. Because the jury found against the charge of the Court respecting the question of jurisdiction.

The Court overruled the motion, and counsel for Lawson excepted.

WHITTLE and LANIER & ANDERSON, for plaintiff in error.

B. HILL, for defendant.

LUMPKIN, C. J.

I shall address myself exclusively to the question of jurisdiction as it disposes of the case, at least for the present, and, as it will be seen in the course of this opinion, not for the purpose of avoiding labor in examining the *twenty-four* grounds taken on the motion for a new trial, but for defending and protecting an important right guaranteed by the constitution of the State to the plaintiff in error, and that is the right which every man has of being sued in the county of his residence, unless in certain excepted cases, in which this is not included.

It is admitted, and the fact is abundantly established by the proof, that Robert Cunningham left no estate to be administered; that Tillinghast is a mere nominal party, and became the administrator for no other purpose but to enable the complainant to institute suit in Bibb county; and that this proceeding was adopted under the direction and by the professional advice of the late Thomas Stubbs, Esq., then of

67

counsel for the complainant in the bill : and the broad question submitted now, for our adjudication is, can the defendant John A. Lawson be deprived of his constitutional privilege of being sued only in Burke county, by combining him with a nominal party constituted for this purpose alone? Will the law sanction such a perversion? We unhesitatingly answer in the negative.

To sanction such a proceeding would be a fraud upon the constitution. The framers of the fundamental law supposed, and we think very wisely, that the right thus secured 'to defendant was worth something. It involves, amongst other things, the convenience of attending court, of procuring the attendance of witnesses, and collecting testimony, of obtaining securities if they should be required in case of appeal and other emergencies, and the still more important object of them all, to have the rights of parties passed upon by one's neighbors, instead of strangers. And yet all these and many other advantages which might be mentioned are ignored by a combination, thus got up, to evade the plain provision of the constitution. And this done, too, to transfer to the complainant the benefit that would have resulted to the defendant by filing the bill in the proper forum. Why transfer to Cunningham the privileges vouchsafed to Lawson, by removing the litigation from Burke to Bibb. True, there are cases where, from necessity, you may elect between one of several counties. No such necessity exists in the present case.

And what possible effect can the collusion between Martin and Cunningham, upon which so much stress has been laid, have to do with the question? In fact, the Court below put the question of jurisdiction to the jury, as bearing upon the issue of fraud or no fraud between Cunningham and Martin, and the finding of the jury upon this point decided the question as to the jurisdiction. When, in truth and in fact, it had no conceivable connection with it; and for this reason, if no other, a new trial should have been granted.

If these parties have rights, and we could assign many

and cogent reasons for doubting it, a *few* of which were intimated when this case was before üs on demurrer, 21st *Ga. Rep., page* 454, let them assert them in the usual way pointed out by the constitution and laws, and they will be heard.

Judgment reversed.