JOHN H. WALTON, plaintiff in error, *vs.* JACKSON M. GILL, administrator, defendant in error.

JAMES LEONARD *et al.*, plaintiffs in error, *vs.* JACKSON M. GILL, administrator, defendant in error.

WILLIAM J. WEEKES, executor, plaintiff in error, *vs.* JACKSON M. GILL, administrator, defendant in error.

Where an executor is sued as such, in the county of his residence, and, pending the suit, dies, and administration, *de bonis non*, is granted upon the estate of his testator, who lived and died in a different county, to a citizen of the county of the testator's residence, the suit against the executor does not abate, and a *scire facias* issued to made the administrator *de bonis non*, a party to the suit, should not have been dismissed under the facts stated.

Jurisdiction. Venue. Administrator *de bonis non, cum testamento annexo.* Before Judge JOHNSON. Talbot Superior Court. March Term, 1872.

The three above cases, involving the same point, were heard and decided together. The plaintiffs in error brought suits against A. G. Perryman, as executor of James Perryman, deceased, to the Superior Court of Talbot county. When the cases were called, the following facts were made to appear to the Court: That said A. G. Perryman departed this life in 1869; that his death had been duly suggested of record and *scire facias* served on Jackson M. Gill, as administrator *de bonis non, cum testamento annexo,* upon the estate of said James Perryman, requiring him to show cause why he should

Walton *et al. vs.* Gill.

not be made a party to said suits; that James Perryman, at the time of his death, was a citizen of Marion county; that his will was proved by A. G. Perryman and letters testamentary issued in said county; that the said A. G. Perryman was, and had always been, a citizen of the county of Talbot; that the said Gill, since the death of the said A. G. Perryman, had been appointed administrator *de*, etc., upon the estate of said James Perryman; that said Gill was, and had always been a citizen of the county of Marion; that *scire facias* had been served upon said Gill by the sheriff of Marion county. Upon this showing, plaintiffs in error moved to have the said Gill, as administrator, as aforesaid, made a party defendant to each of said causes.

Upon objection made, the motion was overruled and plaintiffs in error excepted and assign said ruling as error.

E. H. WORRILL; M. BETHUNE; G. N. FORBES, for plaintiffs in error.

BLANDFORD & CRAWFORD, for defendant.

MONTGOMERY, Judge.

It is very clear that the action against an executor or administrator, as such, does not abate on his death, as a general rule, but his successor is made a party by *scire facias:* Code, sections 3375, 3380. It is equally clear that the policy of our law is, as a general rule, against abatement of actions for any cause.

By our statute law, then, the suit in this case does not abate. And the question is narrowed to the inquiry, does it abate by virtue of the 7th paragraph, section 12, Article V., of the Constitution. That section, after enumerating what suits may be brought out of the county of a defendant's residence, says, "all other cases shall be tried in the county where the defendant resides;" grammatically, resides at the time the case is tried. Suppose he removes out of the county *pendente lite*, does the suit follow him to his new home, to be

there "tried?" If the letter of the Constitution is to be adhered to, yes. What difference, in principle, is there between the case supposed and the case at bar? None is perceived.

Judgment reversed.