IN THE

# Supreme Court of Georgia,

## AT ATLANTA.

## OCTOBER TERM, 1885.

PRESENT—JAMES JACKSON, . . . . . . . . . CHIEF JUSTICE.
    SAMUEL HALL, . . . . . . . . . ASSOCIATE "
    M. H. BLANDFORD, . . . . . . . . ASSOCIATE "

### YOUNG et al. vs. BROWN. administrator.

The principle that where law and equity have concurrent jurisdiction, the court first taking it will retain it, has this important qualifica-cation, namely, unless good reason can be given for the interfer-ence of equity.

(a.) Several good reasons for equitable interference appear in this case. There are numerous parties defendant to the bill who are not parties to the suit in the court of ordinary, and the adminis-trator cannot be forced to cite all parties interested in an estate to appear for settlement, nor can the ordinary bring them all into court; two estates are to be settled, and the ordinary cannot try both questions together; the defendants are called upon to inter-plead and settle their respective rights as to the two estates; an appeal from the court of ordinary may multiply litigation; the ad-ministration and citation for settlement are in one county, while the administrator resides in another, and the proper venue is in the county of his residence, where two of the defendants in the bill also reside, the other defendants being scattered in other counties and other states.

HALL, J., concurring specially as to the question of venue.

December 15, 1885.

Estates. Administrators and Executors. Equity. Venue. Jurisdiction. Constitutional Law. Before Judge HARRIS. Coweta County. At Chambers. January 15, 1885.

J. D. Brown, as administrator *de bonis non*, with the will annexed, of Thomas H. Young, filed his bill in the superior court of Coweta county, against Nancy E. H. Brown *et al.* The defendants were very numerous and widely scattered; some resided in Clarke county, some in other counties, and some were non-residents of the state. None of them resided in Coweta county except Mrs. Brown and her son, the wife and son of the complainant. The bill alleged, in brief, as follows:

In 1857, Thomas H. Young, a resident of Clarke county, died testate, leaving his property to his wife during life or widowhood, with remainder over to his children, stating that it was his intention to secure the share of each child to testator's grandchildren, the children of such children, but to allow their fathers and mothers to use such shares. The testator's wife, Jane D. Young, and one Culberson were appointed executors. Mrs. Young qualified and took possession of the entire estate, made a partial division during her life, and paid out amounts to various legatees. There are differences among the legatees as to advances made to them and to what extent they are bound to account. The estate has largely decreased. Mrs. Young never married, but died in Clarke county in 1873, and the complainant was appointed administrator *de bonis non*. She left property in which the same parties who are legatees under Young's will are interested. Some of them claim that this property was hers; others that it, or most of it, really belonged to the estate of Young, and the two are mixed and confused. The complainant became her administrator. He is trustee for his wife and son under the will of Young, and thus he is placed in the position of representing different interests, and desires that his wife be appointed trustee in his stead. He has been cited to

appear before the ordinary of Clarke county to settle each of the estates represented by him. Only a part of the parties in interest are parties to the citations, and he is uncertain as to the rights of the various parties. He prayed, in substance, that the proceedings before the ordi-- nary be enjoined; that all of the parties be brought before (the court; that they be required to interplead and determine their respective rights in the two estates; and that the entire matter be determined in one litigation.

Young *et al.*, who were among the defendants to the bill, demurred thereto, on the following grounds:

(1.) Because there is no equity in it.

(2.) Because another court of competent jurisdiction (the court of ordinary of Clarke county) had previously acquired jurisdiction of the case.

(3.) Because the superior court of Coweta county had no jurisdiction.

The demurrer was overruled, and Young *et al.* excepted.

POPE BARROW; E. K. LUMPKIN, for plaintiffs in error.

P. H. BREWSTER; J. B. S. DAVIS, for defendant.

JACKSON, Chief Justice.

Brown, administrator *de bonis non*, with the will annexed, of Thomas H. Young, and administrator of the estate of Jane D. Young, filed a bill in equity in the superior court of Coweta county against his wife and son, of the county of Coweta, and divers other persons interested also with said wife and son in the two estates on which he was administering, all except son and wife resident in other counties than Coweta, or other states than this, to have a settlement of said two estates, they being interested in both. The bill alleged that the said administrator resided in Coweta county, and that he had been called by certain of the plaintiffs in error to settle his account on the estate of Thomas H. Young, and by others to settle the accounts

on the estate of Mrs. Jane D. Young before the ordinary of Clarke county, and prayed that said suits in Clarke before the court of ordinary be enjoined, and that the entire estates and his dealings with the same be finally settled by one decree in equity under the bill he brought.

To the bill a demurrer was filed by the plaintiffs in error, on the ground that the court of ordinary of the county of Clarke had acquired jurisdiction of the subject-matters of the bill first, and was entitled to hold it, and generally because there was no equity in the bill, and the court of equity of Coweta county had no jurisdiction of the case.

The entire demurrer depends on the question whether the court of ordinary had jurisdiction of the case which could not be taken from it by the court of equity, for that equity has concurrent jurisdiction of the matters in dispute, and therefore that there is equity in the bill, is fixed by statute. Code, §2600, and that the superior court of Coweta county, exercising chancery powers, had jurisdiction of two of the defendants interested in the estates, resident therein, is clear from the constitution as well as the legislative statute law of the state. If, therefore, the prior suits before the ordinary do not divest the concurrent jurisdiction of equity, by the power given to the first court acquiring it in cases of concurrent jurisdiction, there is equity in the bill and jurisdiction in the court, and the chancellor was right to overrule the demurrer and retain the bill and injunction.

1. The principle that " where law and equity have concurrent jurisdiction, the court first taking will retain it," has this important qualification, to-wit, " unless a good reason can be given for the interference of equity." Code, §3096.

Several good reasons for equity to interfere present themselves in this bill :

First. There are numerous parties defendant to the bill, who are not parties to the suits in the court of ordinary, and the administrator has the great equity of having the estates settled finally in one decree as to all ; and whilst he might

cite all to appear before the court of ordinary, he cannot be forced to do so.  Code, §2598.  The language is, " Or, if the administrator chooses, he may cite all the distributees to be present at the settlement of his accounts."  There is no power in the ordinary to bring all in.  There is, in a court of equity; nor will it act unless all interested are in, with the right to be heard.  The plaintiffs in the court of ordinary cannot force or require any other distributee than themselves to be a party; the complainant in equity may bring all into court, and must do so.  Therefore there may be in the court of ordinary a multiplicity of suits; and this fact alone furnishes a good reason for equity to interfere.  There are two sets suing in that co urt of ordinary now; they may be multiplied into many.

Secondly.  Another reason for equitable interference is that two estates are to be settled.  True, all parties are interested in both, but can the ordinary try the two together, and settle all in one final adjudication?  We do not think so.  The statute gives that court no such power, and we know no decision of this court which recognizes it.

Thirdly.  The defendants to the bill are called upon to interplead and settle their respective rights under the will, and the estate of the wife and mother, and a court of equity can better adjudicate those rights and make a final decree.

Fourthly.  There is an appeal from the court of ordinary to the common law side of the superior court; and in addition to the multiplicity of suits in the court of ordinary, there is the other trial on the appeal, multiplying litigation and costs, and adding to these evils the delay to settle the estates.

Fifthly.  To allow the court of ordinary to retain the jurisdiction is to force the administrator, against whom all the legatees and heirs seek relief, or will require it when they all sue or are joined in the bill, out of his own county into the county of Clarke, without his acquiescence.  Has any county jurisdiction for a common law suit, or equity suit, or civil suit of any sort, against a defendant other than

that of his residence, or that of a joint obligor at law, or of some one against whom substantial relief is prayed in equity? The constitution declares that "all other civil cases shall be in the county where the defendant resides." Code, §5172. The only exceptions are divorce cases, land titles, equity cases, joint obligors, joint promisors, co-partners, or joint trespassers, makers, indorsers, drawers and acceptors, as will be seen in sections 5167, 5168, 5169, 5170, 5171 of the Code, being all parts of the 16th section and 6th article of the constitution, as is the section 5172 *supra.* Certainly these cases in the court of ordinary of Clarke are "civil cases," and as certainly they are without the exceptions and within the general rule in §5172 of the Code, and paragraph 6, section 16, and article 6 of the constitution. It follows that section 2598 of the Code must be limited by this provision of the constitution and confined to those administrators resident in the county where his returns are made and acts of administration done and recorded.

Sixthly. But even if this were not so, and if the Clarke county court of ordinary did have jurisdiction to cite this administrator, resident in Coweta, to account in Clarke, there would be "good reason" not to force him away from the county of his residence into another, and the reason is that the whole spirit of our constitution and laws makes that county the venue; that all the other parties are scattered in different counties and other states; and that none of them can be hurt thereby, because the court of equity, even if it cannot better adjudicate all their rights, will at least do it as well.

For these reasons, we think that the demurrer was properly overruled, and the bill retained and injunction continued.

Judgment affirmed.

BLANDFORD, J., concurred, but furnished no written opinion.

HALL, J., concurred in the judgment, but thought that, when the administrator took out letters in Clarke county, and made his returns there, he voluntarily submitted himself to the jurisdiction in that county; but that there being numerous parties, two estates involved, doubtful facts and other circumstances, rendering a bill of interpleader necessary and proper, the venue was properly laid in Coweta county. He furnished no written opinion.