## USRY *vs.* USRY.

A guardian who resided in Glascock county, but whose letters of guardianship were obtained from the ordinary of McDuffie county, by making application to such ordinary for the letters and assuming the duties and burdens of a guardian cast upon him by law, became a *quasi* officer of the court of ordinary of McDuffie county, and could be cited, under §2598 of the code, by the ordinary of McDuffie county to appear before him out of the county of the residence of the guardian and make a settlement with his ward. *Young vs. Brown,* 71 *Ga.* 1, in so far as it rules adversely to the above views, is disapproved.

November 28, 1888.

Guardian and ward. Jurisdiction. Before Judge HINES. McDuffie superior court. March term, 1888.

Reported in the decision.

THOS. E. WATSON, for plaintiff.

JAMES WHITEHEAD, by brief, for defendant.

SIMMONS, Justice.

Cody N. Usry filed his petition in the court of ordinary of McDuffie county, calling upon Joshua F. Usry, who was alleged to have been appointed by that court guardian of petitioner while a minor, to make a settlement with him as to property for which it was alleged he had never accounted. Petitioner also alleged that he had attained his majority, and that Joshua F. lived in Glascock county. Joshua F. did not appear, though personally served, and judgment was rendered against him. He appealed to the superior court, where he moved to dismiss the case on the ground that the court had no jurisdiction of his person, it appearing from the face of the papers that he resided in Glascock county. Upon the hearing of this motion, the following facts were admitted:

Defendant applied to the court of ordinary of Mc-Duffie county for the guardianship of Cody N., and was duly appointed by that court, and qualified as such guardian, and has never been discharged. When cited to a settlement, he did not appear; judgment was entered against him, and he appealed to the superior court. No plea to the jurisdiction had ever been entered, the case having been regularly continued from term to term. It was heard in March, 1888.

Upon these facts, the motion to dismiss was sustained; to which decision Cody N. Usry excepted on the grounds (1) that the motion came too late; (2) that the court of ordinary had jurisdiction, defendant having voluntarily made himself an officer of that court, having qualified there, made returns there, etc., and that being the proper place for him to settle his accounts with his ward; and if the court of ordinary had jurisdiction of the citation, the superior court had jurisdiction of the appeal.

The question in this case is, whether this guardian, who resided in Glascock county, and applied to the ordinary of McDuffie county for letters of guardianship, can be cited, under section 2598 of the code, by the ordinary of McDuffie county to appear before him, out of the county of his residence, and make a settlement with his ward. The court below decided that he could not be, because he could not be sued out of the county of his residence, under the constitution and laws of the State. That is the decision we are required to review in this case. As far as we know, this is the first time this question has ever been made squarely before this court. We think the court below erred in its decision in dismissing the plea in this case. This guardian, as appears from the record, while he lived in a different county, applied to the ordinary of McDuffie county for ·

letters of guardianship. By this application he asked the ordinary to entrust him with all the property of the ward. When he was appointed guardian, the law required him to make returns of his dealings as guardian to the ordinary of McDuffie county. Doubtless he did make his regular annual returns to the ordinary, and doubtless they were approved or disapproved by that ordinary, as in his judgment he thought proper. By making this application, and assuming the duties and burdens of a guardian cast upon him by law, we think he became a *quasi* officer of the court of ordinary of McDuffie county. As such officer, he was under the control and direction of that court. If he had failed to make his returns, that court would have compelled him to make them. He was "bound by the tenor of his letters to report to and obey the legal orders of the grantor of his letters. He was bound to make his returns to McDuffie county. There was his bond, there the record of his letters, the returns and a full record of all his acts." Under the law, he could have removed his guardianship from the county of McDuffie to the county of Glascock, where he resided. But he failed to do this. In our opinion, when this guardian made application to the ordinary of McDuffie county to be appointed guardian of this ward, and assumed the burdens and responsibilities cast upon him by law, he waived any right which he had under the law to be sued in his own county. He submitted himself, by this act, to the jurisdiction of that court, and became one of its officers, and we think that the ordinary had a right to cite the guardian, under section 2598 of the code, for a settlement of his accounts with his ward. We do not think that after subjecting himself to the jurisdiction of the court of ordinary of McDuffie county, and making himself an officer of said court, he can now object to being cited by

the ordinary for a settlement of his account with the ward, in the county of McDuffie where he was appointed guardian.

It was insisted, however, by counsel for the defendant in error, that this court has decided differently in the case of *Young vs. Brown*, 75 *Ga.* 1. It is true that a majority of the court, in that case, did hold, incidently, that a guardian or administrator could not be cited for a settlement by the ordinary, out of the county of his residence; but we have carefully read that case, and do not think that it was necessary, in the decision of that case, to have decided that point, the judgment of the court being sustained on other and satisfactory grounds stated in the decision. Besides, it will be seen that there was a dissenting opinion in that case on this identical point. We find no fault with the judge below in his having followed that case, but the reasoning of it does not satisfy our minds. To follow it would virtually repeal section 2598 of the code, as to guardians, administrators and executors who reside in different counties from the one in which they obtain their letters; to follow it would force the heirs and distributees, or wards, in all cases of that kind, to resort to a slow and expensive suit on the equity side of the court, in a county perhaps remote from the returns of the trustee. Under this section, 2598, *et seq.*, the administrator has the right to cite the distributees of the estate before the ordinary where he obtains his letters, for the purpose of having a settlement with him, and we see no hardship in allowing the distributees to cite him before the court which he has voluntarily come into and asked to be made one of its officers. While generally the laws and the constitution require that a person shall be sued in all civil cases in the county wherein he resides, there is no law which prevents a person from

waiving that right and submitting himself · to the jurisdiction of. the court of another county. We think that whenever a person applies for letters of guardianship or administration, in a different county from that in which he resides, by that act he waives his right to be sued in the county of his residence. For these reasons, we think the judgment of the court below, dismissing this application of the ward, should be reversed and set aside.

Judgment reversed.