## LONG *v.* STANFORD, administrator.

The venue of a suit by a creditor of an intestate person against the administrator is the county of the defendant's residence, and not the county of the administrator's appointment, where the administrator resides in a different county.

FEBRUARY 22, 1911.

Complaint. Before Judge Fite. Whitfield superior court. January 22, 1910.

*William E. Mann,* for plaintiff.

*Maddox, McCamy & Shumate,* for defendant.

EVANS, P. J. Ann Stanford, a resident of Whitfield county, died intestate, and the court of ordinary of that county issued letters of administration on her estate to John Stanford, who was

at the time and still is a resident of Bartow county.   J. H. Long instituted a suit in the superior court of Whitfield county against the administrator, to recover certain indebtedness alleged to be due the plaintiff by the defendant's intestate.   The administrator filed a plea to the jurisdiction of the court, on the ground of his residence in Bartow county.   The foregoing facts were admitted by the pleadings, and the court sustained the plea and dismissed the action.

The action was properly dismissed.   The constitution of this State requires that all civil cases, except divorce cases, cases respecting titles to land, suits against joint obligors, joint promisors, copartners, or joint trespassers, makers and indorsers of notes, bills of exchange, or like instruments, shall be tried in the county where the defendant resides.   Civil Code (1910), §§ 6538-6543. The suit does not fall within any of the excepted cases, and is against a sole defendant who does not reside in the county where the suit was brought, but in another county.   The venue of such a suit is the county of the defendant's residence.   It makes no difference that he is sued as administrator, or that he was appointed administrator by the court of ordinary of the county where the suit is brought.   The suit is against the defendant, though he is sought to be made liable only as administrator.

The case of *Usry* v. *Usry*, 82 *Ga.* 198 (8 S. E. 60), does not conflict with this ruling.   There a guardian who resided in Glascock county applied to the court of ordinary of McDuffie county for guardianship of the estate of a minor within the jurisdiction of that court, and upon his appointment duly qualified as such guardian, and received the estate of his ward.   The court held that he became a quasi officer of the court of his appointment, and could be cited by his ward to a settlement in the court of his appointment, although a resident of another county.   In that case the proceeding was by a court against its officer, asking for an account of his stewardship.   The present case is a suit by a creditor of the defendant's intestate to recover his debt from the defendant, as the administrator of his alleged debtor, and falls within the constitutional provision requiring all civil actions, with certain exceptions, to be brought in the county of the defendant's residence.

*Judgment affirmed.   All the Justices concur.*