### 10360. LIVELY et al*.v.* WARD & McCULLOUGH.

1. The legal representative of a deceased partner may be sued in the same action with the survivor, on a contract of the firm; and, this being such a suit and the legal representative being a resident of Fulton county, the municipal court of Atlanta had jurisdiction to try the case, although the surviving partner was a resident of Gwinnett county.
2. The judge of the superior court did not err in sustaining the certiorari.
DECIDED JUNE 12, 1919.

Certiorari; from Fulton superior court—Judge Ellis. January 21, 1919

*D. K. Johnston, I. L. Oakes,* for plaintiffs in error.

*Lovic G. Fortson,* contra.

WADE, C. J. Ward & McCullough brought suit in the municipal court of Atlanta against M. L. Lively, as administrator of the estate of H. M. Lively, and also against C. P. Lively, for the breach of a written contract for the sale of 50 tons of cottonseed. It appears from the allegations of the petition that the contract was made by H. M. Lively, deceased, for the firm of C. P. Lively & Son; that at the time the action was brought the partnership

had been terminated by the death of H. M. Lively, and that there had been a year's administration upon his estate; that M. L. Lively, the administrator of H. M. Lively, is a resident of the city ,of Atlanta, Fulton county, Georgia,· and that C. P. Lively, the surviving partner, is a resident of Gwinnett county. Defendants made a motion to dismiss the suit, for want of jurisdiction, which was sustained, and the plaintiffs carried the case to the superior court by certiorari; the certiorari was sustained, and the defendants excepted.

Did the municipal court of Atlanta have jurisdiction to entertain and try this case? That is the question presented for adjudication, and in order to answer it we must first decide whether an administrator can be joined with a surviving partner in an action for the breach of a written contract. In other words, in joining the administrator of the deceased partner with the surviving partner, as was done in this case, was there a misjoinder of parties? Section 5596 of the Civil Code (1910) provides: "Where any person shall be in possession (in his own right, or in any other capacity) of any note, bill, bond, or other obligation in writing, signed by two or more persons, and one or more of the persons whose names are so signed as aforesaid shall die before the payment of the money, or the compliance with the conditions of said bond or obligation in writing, the person holding such bill, bond, note, or other obligation in writing shall not be compelled to sue the survivors alone, but may at his discretion sue the survivor or survivors, or the representatives of such deceased person .or persons, or survivor or survivors, in the same action with the representative or representatives of such deceased person or persons." The next section of the code (§ 5597) declares: "The preceding section shall be so construed as to embrace debts against copartners, as well as against joint or joint and several contractors." These sections (5596, 5597) are the same as sections 3272 and 3273 of the Code of 1868, which were construed by· the Supreme Court in the case of *Garrard* v. *Dawson,* 49 *Ga.* 435, where it was held: "The legal representative of a deceased partner may be sued in the same action with the survivor, on a firm contract." It is true that section 3176 of the Civil Code (1910). declares that "the surviving partner, in case of death, has the right to control the assets of the firm to the exclusion of the

legal representative of a deceased partner, and he is primarily liable to the creditors of the firm for their debts." However, as was said in the *Garrard* case, supra (after referring to the provisions of that section), sections 5596 and 5597 give "the right to sue the representative of the deceased partner in the same action with the survivor, without qualification or restriction." The cases of *Roosvelt* v. *McDowell*, 1 *Ga.* 489, *Ross* v. *Everett*, 12 *Ga.* 30, and *Bennett* v. *Woolfolk*, 15 *Ga.* 213, in which it is held that the surviving partner or partners must be sued alone on partnership contracts, were decided prior to the act of 1858, from which was taken section 5597, supra, which made the provisions of section 5596 applicable to copartners.

The *Garrard* case being authority for the proposition that the legal representative of a deceased partner may be sued in the same action with the survivor, on a firm contract, we come now to the question of whether this suit should have been brought in Gwinnett county, that county being the residence of the surviving partner, or whether it could have been brought either in Gwinnett county or in Fulton county, the last being the legal domicile of the administrator of the deceased partner. We are of the opinion that the suit could have been brought in either Gwinnett or Fulton county. "A partnership may be sued in any county in which one of the partners has such a residence as will confer upon the courts of that county jurisdiction over his person, regardless of the place of his citizenship." *Pyron* v. *Ruohs,* 120 *Ga.* 1060 (2). The fact that the administrator in the present suit, a resident of Fulton county, was appointed by the courts of Gwinnett county does not in any way militate against the proposition that he may be sued as administrator in Fulton county. "The venue of a suit by a creditor of an intestate person against the administrator is the county of the defendant's residence, and not the county of the administrator's appointment, where the administrator resides in a different county." *Long* v. *Stanford,* 135 *Ga.* 832 (70 S. E. 645).

The municipal court had jurisdiction to try this case, and the judge of the superior court did not err in sustaining the certiorari.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*