HOPKINS *et al. v.* KIDD, executrix, *et al.*

No. 13841.   SEPTEMBER 9, 1941.   REHEARING DENIED SEPTEMBER 26, 1941.

*D. W. Krauss* and *J. T. Powell,* for plaintiffs.

*Reese, Scarlett, Bennet & Gilbert,* for defendants.

GRICE, Justice. It is a familiar rule that pleadings must be ·construed most strongly against the pleader. So construing the ·allegations as to the residence of the defendant executrix, it must be held that the petition on its face shows that Mrs. Kidd was a resident of DeKalb County, Georgia. See *Crawford* v. *Wilson,* 142 ·*Ga.* 734 (83 S. E. 667). In so construing the petition, we are not ·at variance with plaintiffs' position as to that matter. The brief ·of their counsel recites: "All of the defendants, excepting two of ·them, reside in Glynn County; one of the two residing in the State ·of Louisiana, and the other residing at Decatur, DeKalb County, Georgia." The only relief prayed is against Mrs. Elizabeth Hopkins Kidd, the executrix, who, it is thus admitted in the brief of counsel for the plaintiffs, resides in DeKalb County. Under our ·constitution, art. 6, sec. 16, par. 3 (Code, § 2-4303), equity cases must be brought in the county of a defendant against whom substantial relief is prayed. An examination of the petition discloses that the only defendant against whom such relief is prayed is Mrs. Kidd, the executrix. The prayers against the other defendants do not ask for any equitable relief against them. See *First National Bank of Atlanta* v. *Holderness,* 189 *Ga.* 819 (7 S. E. 2d, 682), and *Waldrop* v. *Nolan,* 192 *Ga.* 234 (15 S. E. 2d, 225).

The plaintiffs' argument in support of their contention that the superior court of Glynn County did have jurisdiction is: (1) That the letters testamentary were issued by the court of ordinary ·of Glynn County and that court's power over the estate and the executrix's management thereof still exists, notwithstanding the re- ·moval of the residence of the executrix to DeKalb County, since it does not appear that the executrix has availed herself of the provisions of the Code, § 113-1901 et seq., which declare in effect that ·administrators and executors desiring to remove the jurisdiction ·of their trust from the court of ordinary of the county of the resi-

dence of the intestate or testator to that of their own residence may do so by complying with certain requisitions; (2) that the decision of *Morrison* v. *McFarland,* 147 *Ga.* 465 (94 S. E. 569), and others following it hold that courts of equity have concurrent jurisdiction with the court of ordinary in the administration of the estate of a deceased person in all cases where equitable interference is necessary or proper for the full protection of the rights of the parties at interest; and (3) that the petition in the instant case shows the necessity of the court of equity taking the estate in charge. Let us assume that in all the foregoing the plaintiffs are correct, yet it does not follow that if it be conceded that a case is shown wherein a court of equity has jurisdiction of the subject-matter, that it should exercise it if, as here, no power as to jurisdiction is given to the particular court to which the petition is addressed. It becomes a question of venue; and this is fixed by the constitution, as hereinbefore pointed out. No relief is sought against Mrs. Kidd, personally, but only in her representative capacity as executrix. She in her representative capacity must be sued in equity, if sued alone, in the county of her residence. *Lawson* v. *Cunningham,* 34 *Ga.* 523; *Walton* v. *Gill,* 46 *Ga.* 600; *Young* v. *Brown,* 75 *Ga.* 1; *Martin* v. *Gaissert,* 134 *Ga.* 34 (67 S. E. 536); *Long* v. *Stanford,* 135 *Ga.* 823 (70 S. E. 645); *Radcliffe* v. *Jones,* 174 *Ga.* 324 (162 S. E. 679). That has not been done. The decisions just cited are applicable to the question whether the instant case was properly brought in the County of Glynn, since no substantial relief is prayed against any of her codefendants. The case of *Usry* v. *Usry,* 82 *Ga.* 198 (8 S. E. 60), relied on by counsel for plaintiff in error, was not a suit in equity as is the instant case, but was on statutory citation by a ward for final settlement by his guardian. The ruling there made as to venue does not apply to a suit in equity. In *Long* v. *Stanford,* supra, it was held that the venue of a suit by a creditor of an intestate person against the administrator is the county of the defendant's residence, and not the county of the administrator's appointment, where the administrator resides in a different county. In delivering the opinion Evans, Presiding Justice, thus disposed of *Usry* v. *Usry*: "The case . . does not conflict with this ruling. There a guardian who resided in Glascock County applied to the court of ordinary of McDuffie County for guardianship of the estate of a minor within the jurisdiction

of that court, and upon his appointment duly qualified as such guardian, and received the estate of his ward. The court held that he became a quasi officer of the court of his appointment, and could be cited by his ward to a settlement in the court of his appointment, although a resident of another county. In that case the proceeding was by a court against its officer, asking for an account of his stewardship. The present case is a suit by a creditor of the defendant's intestate, to recover his debt from the defendant as the administrator of his alleged debtor, and falls within the constitutional provision requiring all civil actions, with certain exceptions, to be brought in the county of the defendant's residence."

Other reasons are urged in the brief of counsel why the judgment of dismissal should be affirmed. Counsel for defendants in error in a supplemental brief request us to pass on the other grounds of demurrer, and refer us to *Girtman* v. *Girtman*, 191 *Ga.* 173 (11 S. E. 2d, 782), where we went into the question of jurisdiction and decided that the court had none, and in addition passed on other grounds. The procedure adopted in the *Girtman* case was unusual. The petition there filed for the custody of the child was by counsel for petitioner treated as an intervention filed in a suit for divorce between her son and his wife. We held that the intervention there attempted could not be maintained, and then undertook to show that if it were treated as a habeas-corpus suit it could not prevail, on the ground of jurisdiction. In that view of the matter we dealt with the question of jurisdiction in the *Girtman* case, as well as decided why on its merits the custody of the child could not be given to petitioner. Regardless of the practice followed by this court in the *Girtman* case, we are of the opinion that when this court rules that a case must be dismissed for lack of jurisdiction in the trial court, it is a sound rule to be followed generally that when this court affirms the judgment of a trial court dismissing an action on the ground that it had not jurisdiction to entertain the same, other questions raised by demurrer should not be dealt with. There may be exceptional cases to the contrary, but we do not regard this as one of them.

There was no error in dismissing the action for lack of jurisdiction of the court to entertain the same.

*Judgment affirmed. All the Justices concur.*