20147. SCREVEN OIL MILL *et al.* v. HUDMON *et al.*

HAWKINS, Justice. 1. The petition on its face discloses that the action was filed within less than twelve months from the qualification of the defendant administrators, and it was erroneous to overrule their demurrer pointing out that so much of the petition as sought to recover a debt alleged to be due

by their intestate was premature. Code § 113-1526; *Terry* v. *Fickett*, 199 *Ga.* 30 (2) (33 S. E. 2d 163).

2. While, under Code (Ann.) § 2-4903, an equity case must be brought in the county where a defendant resides against whom substantial relief is prayed, and the mere fact that a defendant residing in the county has a substantial pecuniary interest in the litigation, and is a proper or necessary party thereto, will not confer jurisdiction upon the courts of that county where it is not alleged that the resident defendant is doing or threatening to do an illegal act (*Bennett* v. *Blackshear Manufacturing Co.*, 183 *Ga.* 240, 187 S. E. 865; *First Nat. Bank of Atlanta* v. *Holderness*, 189 *Ga.* 819, 7 S. E. 2d 682; *Seckinger* v. *Citizens & Southern Nat. Bank*, 213 *Ga.* 586, 100 S. E. 2d 587)—where, as here, the petition, brought by the plaintiffs as minority stockholders of a corporation, alleges that the deceased owner of the majority or controlling stock of such corporation had, during his lifetime, pledged his stock to the corporation as collateral and security for an indebtedness owing by him to the corporation, and that the defendant heirs at law of such deceased stockholder, one of whom resides in the county where the suit is filed, have entered into a fraudulent scheme and conspiracy with the administrators of the deceased, and with the prospective purchasers of the stock who are also two of the three directors of the corporation, to sell the stock to such purchasers so as to defeat and discharge the lien of the corporation thereon, and such petition seeks discovery from the defendants as to the terms and conditions of the proposed sale, and to enjoin the defendants from consummating such alleged threatened fraudulent transfer and sale of such stock, and to enjoin the bank, a resident corporation of the county in which the suit was filed, and with which it is alleged the pledged stock certificate endorsed in blank was deposited by the defendant corporation for safekeeping, from surrendering possession thereof so as to prevent the alleged fraudulent sales and transfer thereof, or its reaching the hands of an innocent purchaser, thereby defeating the alleged lien of the corporation thereon, the petition sought such substantial relief against the defendants residing in the county where it was filed as to confer jurisdiction upon the superior court of that county. See, in this connection, Code § 12-601 et seq.; *Alexander* v. *Mercer*, 7 *Ga.* 549, 553; *Austin* v. *Raiford*, 61 *Ga.* 125, 127; *Andrews Co.* v. *National Bank of Columbus*,

129 *Ga.* 53 (58 S. E. 633, 121 Am. St. R. 186, 12 Ann. Cas. 616) ; *Coca Cola Co.* v. *City of Atlanta,* 152 *Ga.* 558 (110 S. E. 730, 23 A.L.R. 1339) ; *Lucas* v. *Neidlinger,* 210 *Ga.* 557 (81 S. E. 2d 825).

3. The petition alleges in substance that, when the majority stockholders, directors, and officers of the defendant corporation were notified at the annual meeting held in January, 1958, of the contentions of the plaintiffs as to the indebtedness owing by the estate of the deceased majority stockholder to the defendant corporation, and of the pledging of his stock as security for the payment thereof, the president and two of the three directors of the corporation, the administrators, and the heirs at law of the deceased majority stockholder—in furtherance of their alleged fraudulent conspiracy and scheme to defeat the claim of the corporation and its lien upon the pledged stock by selling or transferring the same to the newly elected president and director free of such lien—denied that any such indebtedness to the corporation existed, or that any pledge of the stock had ever been made. It thus appears that it would be useless for the plaintiffs to seek redress from those alleged to be joint conspirators to defeat any claim of indebtedness owing to the corporation by the deceased majority stockholder and any lien on the stock which the plaintiffs contend was pledged as security therefor. Code § 22-711; *Collier* v. *Mayflower Apartments,* 196 *Ga.* 419 (3, 4) (26 S. E. 2d 731).

4. Except as pointed out in headnote 1, the trial judge did not err in overruling the general demurrers of the defendants to the plaintiffs' petition.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

ARGUED JULY 15, 1958—DECIDED SEPTEMBER 5, 1958—

REHEARING DENIED OCTOBER 10, 1958.

*Hilton & Hilton, Smith, Kilpatrick, Cody, Rogers & Mc-Clatchey,* for plaintiffs in error.

*Howard & Hunter, Newell Edenfield, Buchanan, Edenfield & Sizemore,* contra.