A06A0159. BANKS v. CITY OF HAMPTON et al.
(634 SE2d 192)

BERNES, Judge.

We granted this interlocutory appeal to determine whether venue of the case was proper in Clayton County. One defendant in this action — the estate of Dwight Allen Dixon — is located for residency purposes in Clayton County, while the other defendant resides in Henry County. Plaintiff sought to litigate her tort claims in Clayton County under the joint tortfeasor venue provision of the Georgia Constitution. See Ga. Const. of 1983, Art. VI, Sec. II, Par. IV. The trial court, however, concluded that venue could not lie in Clayton County because the Dixon estate was insolvent and, therefore, constituted a "nominal party." Because a defendant is not a "nominal party" merely because it is insolvent, we reverse.

The instant lawsuit arises out of a fatal automobile accident resulting from Dwight Allen Dixon's attempt to evade the traffic stop of a City of Hampton police officer. While allegedly traveling at a speed in excess of 100 miles per hour, Dixon's vehicle collided head-on into the vehicle driven by Grashaunda Banks, killing both Dixon and Banks.

Olivia Banks, as mother and natural heir of Grashaunda Banks, subsequently filed this action in Clayton County Superior Court against the City of Hampton and the estate of Dwight Allen Dixon, alleging that the City and Dixon were joint tortfeasors responsible for the death of her daughter.[1] Banks further alleged that venue properly lay in Clayton County, the residence of the administrator of the Dixon estate.[2] Contending that the estate was insolvent and therefore a

---

[1] Banks initially filed this action in Fulton County State Court. However, she later voluntarily dismissed the suit and refiled it in Clayton County Superior Court.

[2] Pursuant to OCGA § 53-6-40 (b), the Clayton County Probate Court appointed the county administrator to administer the Dixon estate for the purpose of defending this lawsuit. Georgia law provides that an estate's administrator must be sued in his resident county and not the county of his appointment. *Hopkins v. Kidd,* 192 Ga. 791, 794-795 (16 SE2d 570) (1941); *Long v. Stanford,* 135 Ga. 823, 824 (70 SE 645) (1911); *Lively v. Ward & McCullough,* 23 Ga. App. 805, 807 (99 SE 632) (1919). In turn, Georgia law requires that a county administrator "have been for at least one year a domiciliary of the county of appointment." OCGA § 53-6-36 (a) (1). The Clayton County Probate Court found that the county administrator was lawfully qualified, and there was no challenge to the appointment. Thus, the record reflects that the estate's administrator was a resident of Clayton County in accordance with the requirement of OCGA § 53-6-36 (a) (1).

nominal party, the City moved for and was granted a transfer of the case to its county of residence, Henry County.[3]

Following the transfer, a jury trial was conducted but resulted in a hung jury. Banks then filed a renewed motion to have the case transferred back to Clayton County. The trial court denied Banks' motion. Thereafter, the trial court issued a certificate of immediate review, we granted Banks' application for interlocutory appeal, and the instant appeal followed.

To resolve this appeal, we must determine whether a party's financial interest in a case can be dispositive of whether he or she is a "nominal party" for venue purposes. We conclude that it cannot. "Our courts have consistently held that neither the wealth of the plaintiff nor the defendant is relevant. A man's treatment before the bar of Justice should not vary with his financial condition." (Citation and punctuation omitted.) *Denton v. Con-Way Southern Express*, 261 Ga. 41, 42 (402 SE2d 269) (1991), disapproved on other grounds, *Grissom v. Gleason*, 262 Ga. 374 (418 SE2d 27) (1992). "[T]he general rule is that evidence of the wealth or worldly circumstances of a party litigant is never admissible, except in those cases where position or wealth is necessarily involved." (Citations and punctuation omitted.) *First Fed. Sav. & Loan Assn. of Atlanta v. Jones*, 173 Ga. App. 356, 357 (2) (b) (326 SE2d 554) (1985).

Applying this principle in equity cases, the Supreme Court of Georgia has held that jurisdiction and venue are not conferred based on the party with the greatest wealth and ability to pay damages. Specifically, in *Screven Oil Mill v. Hudmon*, 214 Ga. 414 (2) (105 SE2d 328) (1958), the Supreme Court ruled that "*the mere fact that a defendant residing in the county has a substantial pecuniary interest in the litigation . . . will not confer jurisdiction upon the courts of that county* where it is not alleged that the resident defendant is doing or threatening to do an illegal act." (Citations omitted; emphasis supplied.) Id. See also Ga. Const. of 1983, Art. VI, Sec. II, Par. III.

Likewise, in determining whether a party is "nominal" for diversity of citizenship purposes, federal courts have not focused on the financial interests of the party. See, e.g., *Lincoln Property Co. v. Roche*, 546 U. S. 81 (III) (126 SC 606, 615, 163 LE2d 415) (2005) (finding that a named defendant who admits involvement in the controversy and would be liable for damages is not a nominal defendant); *Grace v. Interstate Life &c. Ins. Co.*, 916 FSupp. 1185, 1190 (M.D. Ala. 1996) (finding that an insurance agent was not a nominal or sham party when the complaint stated a claim against him for his tortious acts

---

[3] The Clayton County Superior Court denied Banks' request for a certificate of immediate review.

which constituted the primary substance of the lawsuit). See also *Broyles v. Bayless*, 878 F2d 1400, 1403-1406 (11th Cir. 1989) (finding that in a tort action, an uninsured motorist carrier's substantial financial stake does not render it a real party in interest to the lawsuit).

Based on this persuasive state and federal case law, we conclude that when a plaintiff files a lawsuit where venue is predicated on the joint tortfeasor venue provision of the Georgia Constitution, a non-resident joint tortfeasor is not entitled to a transfer of venue to his resident county based upon his comparative wealth and greater ability to satisfy a judgment. Conversely, a defendant tortfeasor does not constitute a "nominal party" for venue purposes merely because of insolvency.[4]

The City of Hampton contends that *Lawson v. Cunningham*, 34 Ga. 523 (1866) and *Bell v. McDonald*, 117 Ga. App. 570 (161 SE2d 432) (1968) dictate a contrary result. We disagree. In those two cases, the plaintiff and administrator of the subject estate were related by marriage, and both cases apparently involved collusion between the plaintiff and administrator prior to the litigation in having letters of administration granted so that the insolvent estate could be added as a defendant for establishing venue. See *Barnett v. Quinn*, 227 Ga. App. 172, 175 (489 SE2d 68) (1997) (citing *Bell* for proposition that venue cannot be established by collusion between the plaintiff and one of the defendants). There is no such allegation of collusion here. Furthermore, the present case is distinguishable because Dixon clearly was the primary tortfeasor in the alleged incident and, in the words of Banks, "bore the lion's share of culpability in this case."

For the foregoing reasons, venue was proper when this case was filed in Clayton County (the resident county of the administrator of the Dixon estate). Accordingly, the case should not have been transferred to Henry County on the legally erroneous ground that the Dixon estate constituted a nominal party. The Henry County Superior Court likewise erred in denying Banks' motion to transfer venue back to Clayton County on the same basis. We therefore reverse the denial of Banks' motion to transfer venue, and we remand with instructions for the trial court to transfer venue to Clayton County in accordance with Uniform Superior Court Rule 19.1.

*Judgment reversed and case remanded with instruction. Andrews, P. J., and Barnes, J., concur.*

---

[4] Making solvency the determining factor in deciding whether a party is nominal could potentially engender unnecessary satellite litigation, adding further time and expense to the civil litigation process.

DECIDED JULY 12, 2006 — 

*Finch, McCranie, Brown, Hendrix & Sullivan, Richard W. Hendrix*, for appellant.

*Whalen & Westbury, James R. Westbury, Jr., Sheetul S. Wall, Fincher, Denmark & Williams, Steven M. Fincher, Stephanie K. Jones*, for appellees.