43334. BELL v. McDONALD, Administratrix, et al.

SUBMITTED JANUARY 8, 1968—DECIDED APRIL 2, 1968.

*Robinson, Thompson, Buice & Harben, Sam S. Harben, Jr.,* for appellant.

*Davis & Davidson, Jack S. Davidson, Ross & Finch, I. J. Parkerson,* for appellees.

FELTON, Chief Judge. Mary Lou Bell filed an action in the Superior Court of Hall County, Georgia, against Barbara Motes McDonald, as administratrix of the estate of Clifton Smith, a resident of Hall County, Georgia, and Billy Gene Thurmond, a resident of Jackson County, Georgia. Billy Gene Thurmond filed a plea to the jurisdiction of Hall Superior Court and filed a motion for a summary judgment on the question of jurisdiction

in which it was alleged that Barbara Motes McDonald was issued letters of administration on the estate of Clifton Smith, that the estate was a "worthless" estate, that the administratrix qualified as administratrix for the sole purpose of conferring on the Superior Court of Hall County jurisdiction over the person of Billy Gene Thurmond, who it was alleged in the damage action was a joint tortfeasor with the deceased Clifton Smith. Defendant Thurmond submitted in support of his motion for summary judgment the depositions of Mrs. McDonald, the administratrix, and the pleadings. Mrs. McDonald stated by depositions that the estate owed her approximately $250. She based this statement upon the claim that she and Clifton Smith bought jointly the automobile which Clifton Smith was in when the collision arose and which was totally destroyed in the collision; that they owed a small balance on the purchase price and that she had paid nothing on the remaining balance. Mrs. McDonald made no counter showing to combat the motion for a summary judgment. Mrs. McDonald's depositions also showed that there were no assets in the estate of Clifton Smith and showed no likelihood that there would be any. They also showed that Mrs. Mary Lou Bell's sister married Mrs. McDonald's son and that Mrs. Bell told her that she was going to sue her. The court granted the defendant Thurmond's motion for a summary judgment from which Mrs. Bell, the plaintiff in the damage action, appeals.

As we understand the ruling of the Supreme Court in *Lawson v. Cunningham*, 34 Ga. 523, it means, construed together with the headnote in the case, what the headnote states as the kernel of the opinion. A nominal party may not be used as an instrument to deprive a real, substantial party of the right to be sued in his own county. The effort to do so and the motive in doing so may be as pure as driven snow but the result is so dire as to be called a fraud on the Constitution. In this case the evidence, in the absence of a counter showing, requires the conclusion that the appointment of an administrator on an insolvent estate was procured for the purpose of depriving the defendant Thurmond of being sued in the county of his residence. Fraud, malice, improper purpose otherwise, are all immaterial if

the Constitution is violated by such use of a nominal party. The court did not err in granting the defendant Thurmond's motion for a summary judgment.

*Judgment affirmed. Eberhardt and Whitman, JJ., concur.*