## 72498. STATE FARM MUTUAL INSURANCE COMPANY v. KUHARIK et al.

(347 SE2d 281)

BANKE, Chief Judge.

At issue in this appeal is whether punitive damages may be awarded to a plaintiff in a "John Doe" action brought to establish the liability of his uninsured motorist carrier for loss caused by an unknown driver.

Mr. and Mrs. Kuharik sued to recover for personal injuries sustained by Mrs. Kuharik when her vehicle was struck from behind by another vehicle. The complaint alleged that Mrs. Kuharik had been forced to slow her vehicle suddenly to avoid hitting an unknown taxicab driver who had stopped in front of her preparatory to making a U-turn. (The driver who actually struck Mrs. Kuharik was named as a defendant below but is not a party to this appeal.) Based on allegations that the unknown cab driver, who was named as a "John Doe" defendant, had operated his vehicle in a reckless and wanton manner and had unlawfully left the scene of the collision, the plaintiffs sought an award of punitive damages to discourage him "from repeating the aforesaid reckless and wanton acts . . ." The plaintiffs' uninsured motorist carrier, State Farm Mutual Insurance Company, was duly served with a copy of the complaint and moved unsuccessfully to strike this prayer for punitive damages. We granted the company's subsequent application for an interlocutory appeal. *Held:*

1. We agree with State Farm's contention that to award punitive damages against an unknown tortfeasor for the purpose of deterring him from repeating his alleged misconduct would be nonsensical. In an analogous situation, it has been held that an award of punitive damages against the personal representative of a deceased tortfeasor's estate "must fail of its object, and could not therefore be allowed." *Morris v. Duncan,* 126 Ga. 467, 470 (54 SE 1045) (1906). See OCGA § 9-2-41.

We reject the plaintiffs' argument that the effect of deterrence might be achieved by the insurance company's exercise of its subrogation rights against the unknown tortfeasor in the event he were later identified and located. The purpose of a John Doe action is merely to

fix the liability of the uninsured motorist carrier to its policyholder for loss caused by an unknown tortfeasor. See generally OCGA § 33-7-11 (a). Such a proceeding quite obviously does not operate to defeat the unknown tortfeasor's due process rights. "If the insurer, even after judgment and payment, should discover the identity of the tortfeasor, it is of course subrogated to the plaintiff's rights, but the plaintiff has in no meaningful sense either served or obtained a judgment against the tortfeasor by his John Doe action." *Norman v. Daniels*, 142 Ga. App. 456, 458 (236 SE2d 121) (1977). Accord *Wentworth v. Fireman's Fund &c. Ins. Co.*, 147 Ga. App. 854, 855 (250 SE2d 543) (1978). See generally OCGA § 33-7-11 (d). We accordingly hold that State Farm's motion to strike the prayer for punitive damages should have been granted.

2. In view of the foregoing, it is unnecessary to determine whether an uninsured motorist carrier could be held liable to its policyholder for punitive damages based on the misconduct of a known tortfeasor over whom the court had acquired personal jurisdiction.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JUNE 16, 1986 —
REHEARING DENIED JULY 1, 1986 —

*Luhr G. C. Beckmann, Jr., Joseph H. Barrow*, for appellant.
*George Cornelius Nevitt, R. Stephen Sims, Thomas C. Bordeaux, Jr., Clarence L. Martin, Kran Riddle*, for appellees.
*Ferdinand Buckley*, amicus curiae.