A89A2125. STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY v. WEATHERS et al.
(388 SE2d 393)

DEEN, Presiding Judge.

In two separate collisions occurring approximately fourteen months apart, appellees Robbin Jones Weathers and Margaret K. Gale, unrelated insureds of appellant State Farm Mutual Automobile Insurance Company (State Farm), received injuries caused by uninsured or underinsured motorists, both of whom were admittedly driving under the influence of alcohol in violation of OCGA § 40-6-391 et seq. Both appellees filed complaints seeking from the respective tortfeasors Clifton and Parker damages for bodily injury and medical expenses, plus punitive damages. Appellee Weathers also sought compensation for lost wages. A copy of each complaint was served upon plaintiff/appellees' uninsured/underinsured motorist carrier, appellant State Farm.

While agreeing that the cases were proper ones for seeking punitive damages, State Farm denied that punitive damages were included in the damages provisions of the insurance policies. After receiving demands from Weathers and Gale, State Farm filed a petition for injunctive relief and declaratory judgment in June 1989. Weathers and Gale answered the petition; shortly thereafter the parties filed cross-motions for summary judgment. The trial court denied State Farm's motion for summary judgment and granted that of Weathers and Gale. State Farm appeals, assigning error to the court's rulings on the cross-motions for summary judgment. *Held*:

OCGA § 33-7-11 (a) (1) requires that all automobile and motor vehicle liability policies issued in Georgia contain "provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle." In *State Farm &c. Ins. Co. v. Murphy*, 226 Ga. 710 (177 SE2d 257) (1970), Georgia's Supreme Court held at 714: "[T]he purpose of the Uninsured Motorist Statute is to place the insured in the same position as if the tortfeasor had [liability insurance coverage]. The statute does not place any limitation but . . . plainly provides for payment of all sums the insured is legally entitled to recover." The court subsequently held, in *Greenwood Cemetery v. Travelers Indem. Co.*, 238 Ga. 313 (232 SE2d 910) (1977), that recovery of punitive damages under liability insurance coverage does not *per se* violate public policy. The dissent in that case urged that the issue be determined on a case-by-case basis. In *State Farm Mut. Ins. Co. v. Kuharik*, 179 Ga. App. 568 (347 SE2d 281) (1986), the court disallowed the insured's claim for punitive damages from her uninsured motorist carrier when the tortfeasor had left the scene of the accident and his identity was unknown. The basis of this decision was that no deterrent purpose would be achieved if the damages were paid by someone other than the tortfeasor. The court expressly declined, however, to decide "whether an uninsured motorist carrier could be held liable to its policyholder for punitive damages based on the misconduct of a known tortfeasor over whom the court had acquired personal jurisdiction." Id. at 569. This is therefore a case of first impression.

General principles for construing statutes, and particularly that principle which requires that remedial statutes be construed liberally in favor of those whom the statutes were designed to protect, militate against a finding that an exception for punitive damages should be carved out of the statutory language, "all sums." The principle that a contract is to be strictly construed against the party who drafted it further reinforces this conclusion.

In light of the foregoing considerations, we find no reason in either law or logic for ignoring the statute's plain language ("all sums

which [the victim] shall be legally entitled to recover as damages") and making an exception for punitive damages. OCGA § 9-11-56 (c) directs the award of summary judgment when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Since the issue in the instant case — whether punitive damages are included in the "all sums" language of OCGA § 33-7-11 — is one of law, and the court determined that the law favored the position of appellees rather than of appellant, it follows that appellees were entitled to summary judgment as a matter of law, and appellants were not.

The rulings of the trial court were proper, and appellant's enumerations of error are therefore without merit.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED NOVEMBER 6, 1989 —
REHEARING DENIED NOVEMBER 16, 1989 — 

*Kent, Rackett & Nelson, A. Martin Kent*, for appellant.
*Clarence L. Martin, Arthur L. Cooper, Tom A. Edenfield*, for appellees.