A89A2064. COKER v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
(388 SE2d 34)

DEEN, Presiding Judge.

On December 2, 1986, Sheila Coker was involved in an automobile collision with a Daniel Blanchfield. When Coker commenced this action and could not locate Blanchfield for service, Coker served the appellee as uninsured motorist carrier. When the matter went to trial,

the trial court granted the appellee's motion to strike Coker's claim for punitive damages, and the jury awarded Coker only $1,019.90 damages; this appeal by Coker followed. *Held*:

1. Coker alleged that Blanchfield was driving under the influence at the time of the collision, and sought punitive damages for that reason. The trial court struck that claim, for the policy stated in *State Farm Mut. Ins. Co. v. Kuharik*, 179 Ga. App. 568 (347 SE2d 281) (1986). In *Kuharik*, this court held that the uninsured motorist carrier could not be held liable to its policyholder for punitive damages, where the tortfeasor was unknown, because it would be nonsensical to impose punitive damages against an unknown tortfeasor for the purpose of deterring him from repeating the alleged misconduct.

The instant case involves a known tortfeasor whose whereabouts are unknown, and over whom the trial court had not acquired jurisdiction. This court has previously equated a known tortfeasor whose whereabouts are unknown with an unknown tortfeasor. *Norman v. Daniels*, 142 Ga. App. 456 (1) (236 SE2d 121) (1977). It follows that the trial court properly applied *Kuharik* in striking Coker's claim for punitive damages.

Coker's contention that her claim for punitive damages could also encompass additional damages for wounded feelings under OCGA § 51-12-5 is unpersuasive. The only reasonable purpose for imposing exemplary damages in this case would be to punish or deter the offender, not to soothe any wounded feelings of the plaintiff.

2. Coker contends that the jury's verdict awarding her only $1,019.90, the undisputed amount of her medical expenses and lost wages, and omitting any damages for pain and suffering, was so inadequate as to indicate gross mistake or undue bias on the part of the jury. Coker missed only four days of work because of a back and foot strain caused by the collision. She testified that she experienced some pain in her foot for several months after the collision, but that her injuries had all healed; she also claimed still to experience some back pain, but she was nine months pregnant at the time of trial. "The sole measure of damages for pain and suffering is the enlightened conscience of fair and impartial jurors." *Atlanta Transit System v. Robinson*, 134 Ga. App. 170, 171 (213 SE2d 547) (1975). We find no basis for upsetting the jury's determination of such damages in this case.

3. At the outset of the proceeding, the trial court decided to bifurcate the trial, first hearing evidence concerning the issue of liability and actual damages, and then hearing evidence concerning punitive damages. Coker was not allowed to present evidence about Blanchfield's alleged intoxication at the first portion of the proceeding. Coker contends that this exclusion was error, because evidence of the tortfeasor's intoxication was pertinent not only to any determina-

tion of punitive damages, but also to the issue of negligence and general liability. Since the jury found Blanchfield liable for actual damages, however, Coker's contention of error raises a moot point.

4. Coker's amended complaint sought damages for "loss of use of her personal property and other incidental expenses." The subsequent pre-trial order indicates that Coker sought compensatory damages for "permanent personal injuries, medical expenses, lost wages, pain and suffering and other incidental expenses." At trial, when Coker attempted to present evidence of rental car expenses, the trial court excluded it on the basis that Coker's complaint and the pre-trial order sounded only in personal injury. The trial court was mistaken about the substance of Coker's amended complaint, and we concluded that the trial court construed the pre-trial order too strictly. "A pre-trial order should be liberally construed to allow the consideration of all questions fairly within the ambit of contested issues." *Cooper v. Rosser*, 232 Ga. 597, 598 (207 SE2d 513) (1974). It was error to exclude this proffered evidence.

*Judgment affirmed in part, reversed in part. Birdsong and Benham, JJ., concur.*

DECIDED NOVEMBER 6, 1989.

*Robert E. Richardson*, for appellant.
*Harper & Cooper, J. Blair Craig II*, for appellee.