# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Mary K. Clatterbuck

v.

John Doe

August 1, 1991

Case No. (Law) 4639

By JUDGE JAY T. SWETT

On July 22, 1990, a 1990 Pontiac Grand Am automobile owned by plaintiff was allegedly stolen by an unknown person from in front of her home on Center Avenue in Charlottesville. In her motion for judgment, plaintiff contends that the unknown person caused damage to the car, abandoned it, and has not been apprehended. The plaintiff has brought this "John Doe" action for recovery against an uninsured motorist (the unknown tortfeasor in this case) pursuant to Va. Code § 38.2-2206(E). Plaintiff seeks $4,000.00 in damages to her car plus loss in value, use, and possible loss of warranty. She seeks a judgment of $10,000.00 in compensatory damages and $100,000.00 in punitive damages against the "John Doe" defendant.

State Farm, as plaintiff's uninsured motorist carrier, has filed responsive pleadings on behalf of John Doe. State Farm has moved to dismiss the claim for a punitive damages award arguing that there is no authority for such an award and that one would be at odds with or even against the policy behind punitive damages.

The policy justifying an award of punitive damages in Virginia is twofold. They are "for the protection of the public, as a punishment to [the] defendant, and as a warning and example to deter him and others from committing like offenses." *Baker v. Marcus*, 201 Va. 905, 909 (1960). State Farm argues that without a known defendant,

neither purpose is served. There is no tortfeasor here to punish by the imposition of punitive damages. John Doe is a fictitious person. *Truman v. Spivey*, 225 Va. 274 (1983). He would be unaffected, because he does not exist.

In *Dalton v. Johnson*, 204 Va. 102, 107 (1963), the Virginia Supreme Court held that punitive damages against a known tortfeasor's estate were inappropriate. An award of punitive damages would have been fruitless if its purpose was to keep the defendant from repeating a tortious act since he was deceased at the time of trial. *Id.*

In another case based on a Georgia law similar to the Virginia Uninsured Motorist Act, which involved an unknown driver who caused an accident and did not stop, the Court of Appeals of Georgia reversed a lower court and held that "to award punitive damages against an unknown tortfeasor for the purpose of deterring him from repeating his alleged misconduct would be nonsensical." *State Farm Mutual Insurance Company v. Kuharik*, 179 Ga. App. 568, 347 S.E.2d 281 (1986).

Plaintiff argues correctly that the second purpose of punitive damages, to deter others from the same or similarly egregious conduct, would be applicable here even though Doe is a fictitious person. *See, Wright v. Everett*, 197 Va. 608, 614 (1956); *Baker v. Marcus*, 201 Va. 905 (1960); *Giant of Virginia, Inc. v. Pigg*, 207 Va. 679 (1967); *Stevens v. Abbott, Proctor & Paine*, 288 F. Supp. 836 (E.D. Va. 1968). Although the deterrence argument is well taken, what prospective car thief would be dissuaded from stealing and damaging an automobile if punitive damages were assessed against John Doe and collected against State Farm? It is reasonable to assume that people who steal cars realize that criminal punishment awaits them if they are caught. The benefit of augmenting the deterrent effect of the criminal law with an award of punitive damages is far outweighed by the burden on State Farm and on the car owning public of paying additional premiums to pay for that extra deterrence. Car owners, who by law must have insurance, are the public who this policy of punitive damages is designed to protect. This court does not agree with the plaintiff that car owners would benefit in the form of decreased instances of car theft by having this court award punitive damages to a single owner of a stolen

car which the rest of the car owning public would pay for through its insurance premiums.

In conclusion, partial summary judgment is granted on the issue of punitive damages.