A95A1286, A95A1287. ALLSTATE INSURANCE COMPANY
v. DUNCAN; and vice versa.
(462 SE2d 638)

POPE, Presiding Judge.

Plaintiff Douglas Duncan, a Georgia resident, was injured in an automobile accident caused by "John Doe," an unknown uninsured motorist. The accident occurred in Missouri, and at the time of the accident Duncan was a passenger in a car insured by defendant Allstate Insurance Company under a policy (including uninsured motorist coverage) issued and delivered in Missouri. Duncan sued John Doe in Georgia and served Allstate as the uninsured motorist carrier. See OCGA § 33-7-11 (d). Allstate moved to dismiss, arguing that the court was without jurisdiction over John Doe, and that a judgment against John Doe was a prerequisite to an action against an uninsured motorist carrier under Georgia law. See *Boles v. Hamrick*, 194 Ga. App. 595 (391 SE2d 418) (1990). The trial court agreed that it had no jurisdiction over John Doe. It nonetheless ruled that the action could proceed against Allstate because Missouri law, which does not require a judgment against John Doe before a judgment against an uninsured motorist carrier is possible, would apply. We granted Allstate's application for interlocutory appeal to review this choice-of-law ruling, and in Case No. A95A1286 we reverse. But in Duncan's cross-appeal, Case No. A95A1287, we also reverse, concluding that the court does in fact have jurisdiction over John Doe under OCGA § 33-7-11 (d) (1). Thus, while we reverse the judgment in both cases, the bottom line — that Duncan's action against Allstate may proceed — remains the same.

## Case No. A95A1286

1. When a choice-of-law question arises in a contract action brought in Georgia, substantive matters such as the validity and construction of the contract are governed by the substantive law of the state where the contract was made (or is to be performed, if that is a different state); but procedural and remedial matters are governed by the law of Georgia, the forum state. *Federal Ins. Co. v. Nat. Distrib. Co.*, 203 Ga. App. 763, 765-766 (417 SE2d 671) (1992). The question presented here — what a party injured by an unknown driver must do to recover from his own uninsured motorist carrier — is a proce-

dural and remedial matter, and thus is governed by Georgia law. See *Houston v. Doe*, 136 Ga. App. 583 (1) (222 SE2d 131) (1975). Duncan's reliance on *Amica Mut. Ins. Co. v. Bourgault*, 263 Ga. 157 (429 SE2d 908) (1993) is misplaced, as *Amica* involved the substantive question of the validity of a policy exclusion. Accordingly, the trial court erred in looking to Missouri rather than Georgia law.

### Case No. A95A1287

2. Under Georgia law, a judgment against the uninsured motorist, whether known or unknown, is a condition precedent to recovery from the uninsured motorist carrier. See *Boles v. Hamrick*, supra. Thus, if the trial court were correct in its conclusion that it did not have jurisdiction over John Doe, Duncan's action against Allstate would have to be dismissed, or we would have to create an exception to the general rule. See, e.g., *Wilkinson v. Vigilant Ins. Co.*, 236 Ga. 456 (224 SE2d 167) (1976); *Tinsley v. Worldwide Ins. Co.*, 212 Ga. App. 809 (442 SE2d 877) (1994). Fortunately, however, the legislature foresaw this problem and addressed it in OCGA § 33-7-11 (d) (1): "In cases where the owner or operator of a vehicle causing injury or damages is unknown and an action is instituted against the unknown defendant as 'John Doe,' the residence of such 'John Doe' defendant shall be presumed to be in the county in which the accident causing injury or damages occurred, or in the county of residence of the plaintiff, at the election of the plaintiff in the action."

Allstate asserts that this statutory presumption addresses residency for purposes of venue but not for purposes of personal jurisdiction. It cites no support for this assertion, however, and the language of the statute makes no such distinction. Moreover, we have stated that where a trial court was unable to exercise in personam jurisdiction over a known nonresident uninsured motorist, the uninsured motorist should be considered unknown, and the action should proceed as if it were a John Doe action. See *State Farm Mut. Auto. Ins. Co. v. Noble*, 208 Ga. App. 518 (430 SE2d 804) (1993); *Smith v. Phillips*, 172 Ga. App. 459, 462-463 (1) (323 SE2d 669) (1984). This would not make sense, of course, if plaintiff had to show that the court had jurisdiction over an unknown John Doe.

Allstate further suggests that an exercise of jurisdiction under OCGA § 33-7-11 (d) (1) would be unconstitutional if the John Doe does not have sufficient minimum contacts with Georgia. But even if we assume Allstate has standing to raise the issue of John Doe's due process rights, see *South Ga. Nat. Gas Co. v. Ga. Pub. Svc. Comm.*, 214 Ga. 174 (1) (104 SE2d 97) (1958), those rights would not be violated because any judgment against John Doe would not be an in personam judgment. See *Noble*, 208 Ga. App. at 519-520 & n. 1 (John

Doe action is simply a procedural device designed to allow the insured to fulfill the condition precedent; the judgment against John Doe is only nominal).

Allstate cites *State Farm Mut. Ins. Co. v. Kuharik*, 179 Ga. App. 568 (1) (347 SE2d 281) (1986) for the proposition that the due process rights of even a John Doe defendant cannot be ignored. *Kuharik* actually supports our conclusion, however, as it states that the unknown driver's rights are not violated by allowing the John Doe action to proceed since, if the identity of the unknown driver is later discovered, he will not be bound by the John Doe judgment. "The purpose of a John Doe action is merely to fix the liability of the uninsured motorist carrier to its policyholder for loss caused by an unknown tortfeasor. [Cit.] Such a proceeding obviously does not operate to defeat the unknown tortfeasor's due process rights. 'If the insurer, even after judgment and payment, should discover the identity of the tortfeasor, it is of course subrogated to the plaintiff's rights, but the plaintiff has in no meaningful sense either served or obtained a judgment against the tortfeasor by his John Doe action.' [Cit.]" *Kuharik*, 179 Ga. App. at 568-569.[1]

In summary, we hold that Georgia law controls the procedural question of whether a judgment against the unknown tortfeasor is a prerequisite to recovery from the uninsured motorist carrier; and since Georgia law does require such a judgment, we reverse the judgment in Case No. A95A1286. We also hold that the court has jurisdiction over the John Doe defendant because the suit was brought in the county of plaintiff's residence, and thus reverse the judgment in Case No. A95A1287. As a result of the two reversals, John Doe is reinstated as a defendant and Duncan's action against Allstate may proceed.

*Judgments reversed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 19, 1995 —

*Long, Weinberg, Ansley & Wheeler, Johnathan T. Krawcheck, Earl W. Gunn, Charles K. Reed*, for appellant.
*James A. Goldstein*, for appellee.

---

[1] *Watts v. Allstate Ins. Co.*, 214 Ga. App. 462 (448 SE2d 55) (1994) is distinguishable, as it involved a known uninsured tortfeasor rather than a John Doe.