## CIRCUIT COURT OF THE CITY OF NORFOLK

Camille Thomas

v.

Kevin Jarrett et al.

February 11, 2000

Case No. (Law) L99-1032

BY JUDGE EVERETT A. MARTIN, JR.

I have reviewed the authorities cited at the hearing on the 4th *inst*. I agree with the rationale stated in *Clatterbuck v. Doe*, 24 Va. Cir. 341 (1991), and *State Farm v. Kuharik*, 179 Ga. App. 568, 347 S.E.2d 281 (1986), and I thus sustain the demurrer to the amended motion for judgment's claim for punitive damages against John Doe.

In the amended motion for judgment, the plaintiff alleges that Kevin Jarrett was racing his automobile at an excessive speed with that of John Doe and while under the influence of intoxicants, his blood alcohol content being 0.15% or greater. She further alleges that this operation was one-half mile from the intersection of Interstates 64 and 264. It is a matter of common knowledge that this is one of the most heavily traveled sections of highway in southeast Virginia. She seeks punitive damages from Jarrett under both the common law and Code of Virginia § 8.01-44.5. Jarrett has demurred to only the common law claim.

The law Jarrett cites establishes that the propriety of an award of punitive damages must be determined by the facts of each case. *Huffman v. Love*, 245 Va. 311, 315, 427 S.E.2d 357, 360 (1993). I find the facts *as pleaded* more egregious than those in the cases in which punitive damages were not allowed, but less egregious than those in which punitive damages were allowed. I thus believe it would be improper to strike the plaintiff's claim for common law punitive damages on demurrer. Whether the evidence adduced at trial will allow the submission of the issue to the jury is for the determination of the trial judge.

As no demurrer has been filed to the plaintiff's claim for statutory punitive damages, evidence of Jarrett's consumption of alcohol will be before the jury and I do not believe Mr. Rigney would likely be granted a mistrial.