**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 12, 2016**

# In the Court of Appeals of Georgia

A15A1994. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA v. JORDAN et al.

A15A1995. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA v. BRADLEY et al.

A15A2125. MCG HEALTH, INC. et al. v. JORDAN et al.

A15A2126. MCG HEALTH, INC. et al. v. BRADLEY et al.

RAY, Judge.

The parents of Cayleb Drayton and the parents of Jonathan White ("the plaintiffs") filed separate lawsuits in DeKalb County asserting claims for negligence under the Georgia Tort Claims Act against the Board of Regents of the University System of Georgia ("BOR") and MCG Health, Inc., MCG Health System, Inc., the Medical College of Georgia Physician Practice Group Foundation, and Georgia Regents Medical Associates, Inc. (collectively "MCG") arising out of the medical care and treatment that their children received at the Children's Hospital of Georgia

(Georgia Regents Medical Center) in Richmond County. After undergoing surgical procedures there, the children were transferred to Children's Healthcare of Atlanta in DeKalb County, where they underwent multiple corrective surgeries requiring lengthy hospitalization. Although the alleged negligent acts or omissions that form the bases of the lawsuits occurred solely in Richmond County, the plaintiffs filed their respective complaints in DeKalb County, where a substantial portion of their resulting losses occurred. The trial court denied BOR and MCG's motions to transfer the cases to Richmond County, finding that venue was proper in DeKalb County pursuant to OCGA § 50-21-28. These interlocutory appeals ensued. As the issues of venue presented in Case Nos. A15A1994, A15A1995, A15A2125, and A15A2126 are identical, we consolidate the cases for the purposes of appellate review. For the reasons that follow, we affirm the trial court's ruling on the motions to transfer.

1. BOR and MCG contend that the trial court erred in concluding that venue is proper in DeKalb County, where a substantial portion of the plaintiffs' losses occurred. We disagree.

Here, the underlying facts relating to the issue of venue are undisputed. Therefore, the trial court's application of the law to the undisputed facts is subject to

2

de novo review. See *HD Supply, Inc. v. Garger*, 299 Ga. App. 751, 751 (683 SE2d 671) (2009).

When an action is brought under the Georgia Tort Claims Act against a State entity, even when the State entity is not the sole tortfeasor, the mandatory venue provision of OCGA § 50-21-28 applies. See *Dean v. Tabsum, Inc.*, 272 Ga. 831, 834 (536 SE2d 743) (2000). OCGA § 50-21-28 provides, in pertinent part, that "[a]ll tort actions against the state under this article shall be brought in the state or superior court of the county wherein the loss occurred[.]" Thus, the determinative factor in the cases before us is the situs of loss.

The term "loss," as used in the Georgia Tort Claims Act, is defined in OCGA § 50-21-22 (3) as "personal injury; disease; death; damage to tangible property, including lost wages and *economic loss to the person who suffered the injury*, disease, or death; *pain and suffering*; *mental anguish*; *and any other element of actual damages recoverable in actions for negligence*." (Emphasis supplied.) Had the legislature intended to limit venue for claims under the Georgia Tort Claims Act to the county where the negligent acts or omissions giving rise to the damages occurred, instead of where the "loss" occurred, it could have so provided. When the language of a statute is plain and unambiguous and does not lead to an absurd result, it supplies

3

the sole evidence of legislative intent, and it must not be contravened. See *Hall County Bd. of Tax Assessors v. Peachtree Doors*, 214 Ga App. 613, 614 (448 SE2d 476) (1994). Upon a plain reading of OCGA §§ 50-21-22 (3) and 50-21-28, it is clear that the legislature intended to allow a tort action to be brought against the State in the county where economic loss, pain and suffering, mental anguish, and other elements of actual damages occurred. Since it is undisputed in the cases before us that the plaintiffs incurred losses in DeKalb County, venue is proper in DeKalb County.

Furthermore, in *Dept. of Transp. v. Evans*, 269 Ga. 400 (499 SE2d 321) (1998), our Supreme Court has addressed the question of whether a literal interpretation of OCGA § 50-21-28 would subject the State to numerous lawsuits in different counties arising out of the same occurrence, depending on where the various losses occurred. The Court found that, in such a case, "there is no concern of an absurd result in the event of multiple claims derived from personal injuries to the same individual, each constituting a *loss* as contemplated in OCGA § 50-21-28, because [joinder of the claims may be required and] nothing in the statute precludes the plaintiff's election of venue among the locations of *loss*." (Emphasis in original.) Id. at 401.

For the above reasons, the trial court's denial of the motions to transfer venue is affirmed.

4

2. In Case No. A15A1995, BOR also asked us to consider the merits of another interlocutory ruling by the trial court regarding the applicable limits of BOR's liability for monetary damages under OCGA § 50-21-29 (b) (1). We decline to consider the merits of that interlocutory ruling at this time because the trial court's ruling will not impair BOR's ability to present its defense on the merits of the plaintiffs' claims at trial and because the issue may become moot upon the final disposition of the case. Nevertheless, BOR's right to appeal this issue is preserved, and the issue may be raised by BOR in any future appellate review available to it.

*Judgments affirmed in Case Nos. A15A1994, A15A1995, A15A2125, and A15A2126. Barnes, P. J., concurs. McMillian, J., concurs in judgment only as to Division 2 and concurs fully otherwise.*