**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 22, 2017**

# In the Court of Appeals of Georgia

A16A1494. BURCHFIELD v. WEST METRO GLASS COMPANY,
     INC., et al.

McFADDEN, Presiding Judge.

We granted interlocutory review of the order of the State Court of Fulton
County transferring venue to another county. Because venue was proper in Fulton
County, we reverse.

"Here, the underlying facts relating to the issue of venue are undisputed.
Therefore, the trial court's application of the law to the undisputed facts is subject to
de novo review." *Bd. of Regents of the Univ. System of Ga. v. Jordan*, 35 Ga. App.
703 (1) (782 SE2d 809) (2016) (citation omitted). Those undisputed facts show that
on July 29, 2014, a vehicle driven by Stephen Prince collided with a vehicle driven

by Donna Burchfield in Fulton County. At the time of the collision, Prince was acting in the course and scope of his employment with West Metro Glass, Inc.

On March 24, 2015, Burchfield filed an action in the State Court of Fulton County against West Metro Glass and Prince (collectively, the defendants) for injuries she allegedly sustained in the collision. Burchfield served this action on West Metro Glass on April 8, 2015. On May 29, 2015, the defendants filed answers to the complaint in which they asserted improper venue as a defense. But West Metro Glass never filed a notice to remove the action from Fulton County. Instead, on November 11, 2015, the defendants filed a motion to transfer venue. The trial court granted the motion, finding that neither West Metro Glass nor Prince was a resident of Fulton County and concluding that venue was improper in Fulton County.

The trial court erred in granting the motion to transfer, because venue was proper in Fulton County and West Metro Glass did not file a timely notice to remove. OCGA § 14-2-510 (b) provides:

> [A] corporation authorized to transact business in this state shall be deemed to reside and to be subject to venue as follows: . . . (4) In actions for damages because of torts, . . . in the county where the cause of action originated. If venue is based solely on this paragraph, the defendant shall have the right to remove the action to the county in Georgia where

2

the defendant maintains its principal place of business. A notice of removal shall be filed within 45 days of service of the summons.

OCGA § 14-2-510 (b) (4). As our Supreme Court has explained, OCGA § 14-2-510 (b) (4) "establishes venue for tort actions against corporations in the county where the cause of action originated [and] establishes a procedure for removal from that county[.]" *Pandora Franchising, LLC v. Kingdom Retail Group, LLLP*, 299 Ga. 723, 724 (791 SE2d 786) (2016) (citation and punctuation omitted).

The cause of action in this case originated in Fulton County, where the collision occurred. So OCGA § 14-2-510 (b) (4) established venue for Burchfield's action against West Metro Glass in Fulton County. *Pandora Franchising, LLC*, supra, 299 Ga. at 724. And West Metro Glass did not file a notice of removal within 45 days of the summons. We disagree with West Metro Glass's argument that its answer, which it did file within 45 days of the summons, was the functional equivalent of a notice of removal. In that answer, West Metro Glass asserted *improper* venue as a defense to Burchfield's action. But a notice of removal under OCGA § 14-2-510 (b) (4), by that statute's terms, concerns a defendant's right to move the action out of a county in which venue is otherwise *proper*. And even if West Metro Glass's later motion to transfer could be construed as a notice of removal, West Metro Glass filed

3

that motion well outside of the 45-day period. Compare *Huddle House v. Paragon Foods*, 263 Ga. App. 382, 387 (3) (587 SE2d 845) (2003) (holding that defendant's motion to transfer action from county where tort occurred to county where defendant had place of business served to preserve defendant's right to remove case under OCGA § 14-2-510 (b) (4) because defendant filed transfer motion within 45-day period). So West Metro Glass did not avail itself of the procedure for removal from Fulton County afforded by OCGA § 14-2-510 (b) (4). As a result, venue for this action remained proper in Fulton County as to West Metro Glass. (Because West Metro Glass had the opportunity to file a notice of removal within 45 days of service of the summons as required by OCGA § 14-2-510 (b) (4), we do not address the situation where it only becomes feasible for a defendant corporation to seek removal during the course of the litigation.)

"In a tort action, if venue in a particular county is proper as to one joint tortfeasor, it is proper as to the other joint tortfeasor[ ] as well. Consequently, because venue was proper in Fulton County as to [West Metro Glass], it was likewise proper as to [Prince]," *HD Supply v. Garger*, 299 Ga. App. 751, 756 (2) (683 SE2d 671) (2009) (citations omitted). So we do not reach Burchfield's separate enumeration of error regarding a purported admission in judicio by Prince regarding venue.

4

The defendants' challenge to venue on the ground that it was improper had no merit, and the trial court erred in holding that venue was improper in Fulton and in granting the defendants' motion to transfer venue.

*Judgment reversed. Miller, P. J., and McMillian, J., concur.*