**SECOND DIVISION**
**DOYLE, C. J.,**
**MILLER, P. J, and REESE, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 19, 2017**

# In the Court of Appeals of Georgia

A17A0505. CARPENTER v. MCMANN et al.                    DO-020

DOYLE, Chief Judge.

In a suit brought by Sherinna McMann and Childronda Holton arising from an automobile collision, defendant Eric Carpenter appeals from the trial court's order denying his motion to transfer venue to his home county. Carpenter contends that the trial court erred because establishing venue on the basis of a nominal John Doe joint tort-feasor contravenes Carpenter's constitutional right to be sued in the county of his residence. For the reasons that follow, we affirm.

The record shows that McMann and Holton sued Carpenter and a John Doe defendant, seeking damages for injuries allegedly caused by a vehicle collision. The complaint alleges that McMann and Holton were passengers in a car traveling on Interstate 75 in Bibb County when the John Doe defendant negligently entered their

lane of travel and caused their driver to slow abruptly. The complaint further alleges that Carpenter's vehicle then collided into the rear of their vehicle because he was following too closely. The John Doe defendant fled the scene and has not been identified. McMann and Holton filed their complaint in Bibb County, where the collision occurred; Carpenter resides in Crawford County.

Carpenter filed an answer, asserting various defenses and challenging venue, and moved to transfer venue to Crawford County. Following a hearing, the trial court denied Carpenter's motion, relying in part on a provision of the uninsured motorist statute creating a presumption that the residence of a John Doe defendant is either the county in which the collision occurred or the county of residence of the plaintiff.[1] Because Carpenter and John Doe are alleged to be joint tort-feasors, the trial court concluded that venue was proper in Bibb County, the site of the collision, because the Georgia Constitution provides for venue in the home county of either tort-feasor when joint tort-feasors are sued.[2] The trial court certified its ruling for immediate review, and this Court granted Carpenter's application for interlocutory appeal.

---

[1] See OCGA § 33-7-11 (d) (1).

[2] See Ga. Const. of 1983, Art. VI, Sec. II, Par. IV.

2

We begin with an overview of the applicable law. The Georgia Constitution provides that "[s]uits against . . . joint tort-feasors . . . residing in different counties may be tried in either county."[3] It also provides that "[a]ll other civil cases, except juvenile court cases . . . , shall be tried in the county where the defendant resides."[4] Because this is a case involving two alleged joint tort-feasors, venue is proper in the county of residence of either tort-feasor.[5] But the other alleged tort-feasor was a John Doe defendant who to this day remains unidentified. The uninsured motorist statute provides that

> [i]n cases where the owner or operator of a vehicle causing injury or damages is unknown and an action is instituted against the unknown defendant as "John Doe," the residence of such "John Doe" defendant shall be presumed to be in the county in which the accident causing injury or damages occurred, or in the county of residence of the plaintiff, at the election of the plaintiff in the action.[6]

---

[3] Id.

[4] Id. at Par. VI.

[5] See *Burchfield v. W. Metro Glass Co.*, 340 Ga. App. 324, 326 (797 SE2d 225) (2017).

[6] OCGA § 33-7-11 (d) (1).

Carpenter argues that the John Doe defendant should be treated as a nominal party, and Carpenter, a known party, should be able to insist on having the action heard in his own county of residence.[7] Carpenter argues that the John Doe party only acts as a place holder for purposes of the present litigation against Carpenter because any judgment against the John Doe defendant would not function as an in personam judgment against the missing defendant.[8] As a mere place holder, Carpenter argues, the statutory residence of the John Doe defendant should not be considered for purposes of establishing venue.

Nevertheless, to so hold would be to ignore the plain language of OCGA § 33-7-11 (d) (1), which provides that the residence of "'John Doe' defendant[s] shall be presumed to be [either] in the county in which the accident causing injury or damages occurred, or in the county of residence of the plaintiff. . . ." When construing a statute, we are required

---

[7] See generally Frank E. Jenkins & Wallace Miller, Georgia Automobile Insurance Law § 36:9 (c) (2016-2017 ed.).

[8] See *Allstate Ins. v. Duncan*, 218 Ga. App. 552, 553-554 (2) (462 SE2d 638) (1995); *State Farm Mut. Ins. Co. v. Kuharik*, 179 Ga. App. 568, 569 (1) (347 SE2d 281) (1986) ("If the insurer, even after judgment and payment, should discover the identity of the tortfeasor, it is of course subrogated to the plaintiff's rights, but the plaintiff has in no meaningful sense either served or obtained a judgment against the tortfeasor by his John Doe action.") (punctuation omitted).

to construe [the] statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage. At the same time, we must seek to effectuate the intent of the legislature. . . [T]he cardinal rule is to glean the intent of the legislature. To do this, we must presume that the statute was enacted by the legislature with full knowledge of the existing condition of the law and with reference to it. It is therefore to be construed in connection and in harmony with the existing law, and as a part of a general and uniform system of jurisprudence, and its meaning and effect is to be determined in connection, not only with the common law and the constitution, but also with reference to other statutes and the decisions of the courts.[9]

Taking this approach, we presume that the legislature was fully aware of the Constitutional provisions providing that: joint tort-feasors may be sued in either of their counties, and defendants are otherwise entitled to be sued in their home county. The upshot of these provisions is that joint tort-feasors are, as a matter of constitutional law, always subject to being sued in the county of their co-tort-feasor, and there is no unqualified right to a trial in one's home county.

Consistent with this, we conclude that the trial court correctly held that the plain language of OCGA § 33-7-11 (d) (1) authorized the venue determination in this

---

[9] (Citations and punctuation omitted.) *City of Atlanta v. City of College Park*, 292 Ga. 741, 744 (741 SE2d 147) (2013).

5

case. The plaintiffs alleged that each defendant committed tortious acts that jointly injured the plaintiffs. As such, the John Doe defendant is alleged to have played a vital role in causing the plaintiffs' alleged injuries, and this scenario falls squarely within the Georgia Constitution's venue prescription for joint tort-feasors. Absent some other constitutional or statutory directive requiring a different outcome, we discern no error in the trial court's ruling that venue was proper in Bibb County under a joint tort-feasor theory.[10]

This Court has reached a similar result in a case involving joint tort-feasors, when it held that venue was proper in the county where the administrator of a deceased joint tort-feasor's estate resided. Although that case focused on whether

---

[10] See, e.g., *Banks v. City of Hampton*, 280 Ga. App. 432, 434 (634 SE2d 192) (2006) (concluding that insolvent estate was not a nominal party, so venue was proper in the home county of the administrator of a deceased joint tort-feasor). Carpenter's reliance on *Bell v. McDonald*, 117 Ga. App. 570 (161 SE2d 432) (1968), is not persuasive here. In *Bell*, "the plaintiff and administrator of the subject estate were related by marriage, and both cases apparently involved collusion between the plaintiff and administrator prior to the litigation in having letters of administration granted so that the insolvent estate could be added as a defendant for establishing venue." Id. There is no evidence of collusion here. See also *Hankook Tire Co. Ltd. v. White*, 335 Ga. App. 453, 454 (781 SE2d 399) (2016) ("[T]he only exception to [the rule that a consent judgment against a tort-feasor preserves venue as to a nonresident joint tort-feasor] applies when the nonresident defendant can prove collusion.").

6

insolvency of the estate rendered it a nominal party, the Court nevertheless concluded that the home county of the administrator (not the decedent) was an appropriate venue.

"In a tort action, if venue in a particular county is proper as to one joint tort[-]feasor, it is proper as to the other joint tort[-]feasor as well. Consequently, because venue was proper in [Bibb] County as to [the John Doe defendant], it was likewise proper as to [Carpenter]."[11] Accordingly, the trial court correctly denied Carpenter's motion to transfer venue.

*Judgment affirmed. Miller, P. J., and Reese, J., concur.*

---

[11] (Punctuation omitted.) *Burchfield*, 340 Ga. App. at 326.