304 Ga. 209
FINAL COPY

S17G1894.  CARPENTER v. McMANN et al.

GRANT, Justice.

In June 2015, Appellees Sherinna McMann and Childrona Holton were passengers in a car traveling southbound on Interstate 75 in Bibb County.  An unknown driver ("John Doe") allegedly swerved into Appellees' lane, causing the driver of their vehicle to slam on the brakes.  Appellant Eric Carpenter was driving behind Appellees' vehicle at that time, allegedly following too closely, and rear-ended the vehicle.  Doe fled the scene, and his identity remains unknown.

Appellees sued Doe and Carpenter for negligence in Bibb County under the Georgia uninsured motorist statute, which states that "[a] motor vehicle shall be deemed to be uninsured if the owner or operator of the motor vehicle is unknown."  OCGA § 33-7-11 (b) (2).  Appellees chose to sue in Bibb County on the basis of OCGA § 33-7-11 (d) (1), which provides that "the residence of such 'John Doe' defendant shall be presumed to be in the

county in which the accident causing injury or damages occurred, or in the county of residence of the plaintiff, at the election of the plaintiff in the action."

Carpenter moved to transfer venue to Crawford County where he resides, but the trial court denied his motion, and the Court of Appeals affirmed. *Carpenter v. McMann*, 341 Ga. App. 791 (802 SE2d 74) (2017). We granted Carpenter's petition for certiorari, posing a single question: Does the venue provision of the uninsured motorist statute, see OCGA § 33-7-11 (d) (1), apply in a suit related to an automobile collision brought against a known Georgia resident and an unknown defendant under a joint tortfeasor theory? See Ga. Const. of 1983, Art. VI, Sec. II, Par. IV. We answer that question in the affirmative, and therefore affirm.

The Georgia Constitution provides that venue generally lies in the county where the defendant resides. Ga. Const. of 1983, Art. VI, Sec. II, Par. VI. But it also establishes that for suits against joint tortfeasors who "resid[e] in different counties," venue is appropriate "in either county." Id. at Par. IV. What to do, however, when the residence of one tortfeasor is unknown? The Constitution does not directly answer that question. But, as already

discussed, Georgia's uninsured motorist statute provides that in cases against an unknown operator of a motor vehicle, "the residence of such 'John Doe' defendant shall be presumed to be in the county in which the accident causing the injury or damages occurred, or in the county of residence of the plaintiff, at the election of the plaintiff in the action." OCGA § 33-7-11 (d) (1). Here, Appellees elected to treat Doe's residence as Bibb County, where the accident at issue occurred, and sued in Bibb on that basis. But Carpenter asserts that doing so violates his constitutional right to have venue in his own county of residence under Paragraph VI of our Constitution's venue section. Ga. Const. of 1983, Art. VI, Sec. II, Par. VI.

To respond to Carpenter's claim, we need only examine the text of the relevant provisions. When construing a statute, we afford the text its "plain and ordinary meaning," viewed in "the context in which it appears," and read in "its most natural and reasonable way." *Deal v. Coleman*, 294 Ga. 170, 172 (751 SE2d 337) (2013) (citation and punctuation omitted). If the text of a statute is clear and unambiguous, we ordinarily search no further for its meaning. Id. at 173. In short, we cannot presume that we have the authority to interpret statutes in a way that departs from their text, context, and structure. The same interpretive principles hold true for constitutional

interpretation as well. See, e.g., *Ga. Motor Trucking Assn. v. Ga. Dept. of Revenue*, 301 Ga. 354, 356 (801 SE2d 9) (2017); see also *Olevik v. State*, 302 Ga. 228, 235-236 (806 SE2d 505) (2017) (explaining that "[w]e interpret a constitutional provision according to the original public meaning of its text").

Those principles decide this case. Because the lawsuit underlying this appeal is brought against joint tortfeasors Carpenter and Doe, it may be tried in the county where either resides. Ga. Const. of 1983, Art. VI, Sec. II, Par. IV. And because the Georgia Code establishes that the residence of Doe may be presumed to be where the accident occurred—in Bibb County—this case may be tried there according to the plain language of our Constitution and the uninsured motorist statute. Ga. Const. of 1983, Art. VI, Sec. II, Par. IV; OCGA § 33-7-11 (d) (1). Nothing in the text of either provision disturbs those commonsense readings. Nor is there any reason to think that the legislature is prohibited from establishing the county of residence as the site of the accident for an unknown defendant;[1] we have been clear that the legislature has the authority to create reasonable statutory rules concerning venue when the Constitution leaves space to do so. See *Shelton v. Lee*, 299

---

[1] Because the question is not presented in this case, we have no cause to consider whether it is also reasonable to set the residence of an unknown defendant as the residence of the plaintiff.

4

Ga. 350, 353 (788 SE2d 369) (2016); see also *Glover v. Donaldson*, 243 Ga. 479, 483 (254 SE2d 857) (1979) (legislature may fix residence of transit authority for venue purposes, but constitutional venue provision for joint tortfeasors controlled where transit authority was sued along with other tortfeasors).

Carpenter argues that this application of the statutory text stands in unconstitutional tension with Paragraph VI of our Constitution's venue section because it overrides that paragraph's demand that cases "shall be tried in the county where the defendant resides," Ga. Const. of 1983, Art. VI, Sec. II, Par. VI. In his view, OCGA § 33-7-11 (d) (1) must give way to that provision in cases against joint tortfeasors where one is a known Georgia resident and the other is an unknown defendant presumed to be a Georgia resident by statute. Otherwise, he argues, the uninsured motorist statute would divest the known defendant of his constitutional right to be sued where he resides. Of course, it is true that if a statutory rule contradicts a constitutional rule, then the constitutional rule prevails. See *Owens v. Hill*, 295 Ga. 302, 315 (758 SE2d 794) (2014); *Campbell v. Dept. of Corrections*, 268 Ga. 408, 411 (490 SE2d 99) (1997). The problem for Carpenter is that the provision he cites does not apply in this case at all.

Our Constitution sets out specific venue requirements for divorce cases; for cases regarding title to land; for cases against "joint" parties, including joint tortfeasors; and for cases against the "maker and endorser of promissory notes" or the "drawer, acceptor, and endorser of foreign or inland bills." Ga. Const. of 1983, Art. VI, Sec. II, Pars. I-V. Paragraph VI of the same section then creates a general venue requirement for "[a]ll *other* civil cases." Id. at Par. VI (emphasis supplied). Put simply, because Paragraph IV applies in this case, Paragraph VI does not. Accordingly, the venue provisions of Georgia's uninsured motorist statute do not contradict the venue provisions of our Constitution as Carpenter has asserted. In fact, it is actually the construction sought by Carpenter that would override the constitutional provision that joint tortfeasors "residing in different counties may be tried in either county." Id. at Par. IV.

Moreover, this is not a case where there exists any evidence of collusion to add a party to the lawsuit for the purposes of venue shopping. Cf. *Bell v. McDonald*, 117 Ga. App. 570 (161 SE2d 432) (1968). The pleadings in the trial court demonstrate as much. Appellees' lawsuit alleges that Doe "negligently operated his motor vehicle so as to enter plaintiffs' lawful lane of travel and force [the driver] to slam on his brakes," in violation

6

of OCGA §§ 40-6-48 and 40-6-123, and that this negligence, along with that alleged against Carpenter, "proximately caused the collision." And in answering the complaint, Carpenter himself asserted that "Defendant John Doe was independently negligent, said negligence entering into the proximate cause of plaintiff's alleged injuries. Therefore, this Defendant cannot be held liable for any injuries incurred by the Plaintiffs as a result of said independent negligence by said John Doe Defendant." It appears, then, that all parties agree that Doe was an integral player in the accident at issue. So did the Court of Appeals, which likewise understood that Doe "is alleged to have played a vital role in causing the plaintiffs' alleged injuries," and that "[t]here is no evidence of collusion here." *Carpenter*, 341 Ga. App. at 794, 794 n.10. We agree. And because there is no evidence that Appellees sued Doe only to evade a more appropriate venue, any measures that may be available under those circumstances need not be considered here.

Carpenter urges us to create a rule that an unknown motorist is a "nominal party" whose presumed residence may not be considered for purposes of establishing venue. In the first place, the term "nominal party" does not appear in the statute, so it is not clear what judicially deeming a defendant "nominal" would establish. And although the legislature could

7

certainly conclude the rule proposed by Carpenter makes sense (or that it does not), we will not take the liberty of deciding that issue judicially. We thus disapprove any suggestion in Court of Appeals cases that deeming a defendant "nominal" itself removes that defendant from the case for purposes of establishing venue. See, e.g., *Banks v. City of Hampton*, 280 Ga. App. 432 (634 SE2d 192) (2006).

In short, under a plain reading of the statutory provisions at play, we see no limitation suggesting that the venue provisions of Georgia's uninsured motorist statute merely apply in cases where a John Doe defendant is the only defendant. To find otherwise would be to amend the statute by reading additional language into it, which we will not do. Nor do the terms of the statute conflict with the constitutional requirements for venue. Accordingly, we affirm the judgment of the Court of Appeals.

Judgment affirmed. All the Justices concur.

Decided August 2, 2018.

Certiorari to the Court of Appeals of Georgia – 341 Ga. App. 791.

Bullard & Wangerin, Daniel Bullard IV, Erin S. Corbett, for appellant.

Bryan N. Cigelske, for appellees.